BARRY COUNTY, TO THE USE OF THE STATE SCHOOL FUND, Plaintiff in Error, *vs.* McGLOTHLIN *et al.*, Defendants in Error.

1. Suit may be maintained in the name of a county upon a note payable to the county to the use of the state school fund.

*Error to Barry Circuit Court.*

Action on a note payable to Barry county, to the use of the state school fund. The cause of demurrer assigned was, that the county could not sue for money belonging to the school fund, and so the suit was brought in the name of the wrong party.

*Gardenhire*, for plaintiff in error. The note, on its face, imports a consideration. A note payable to a county vests in the county all the rights which would be vested in an individual by a note payable to him: R. C. 1845, p. 289, sec. 3. 12 Mo. Rep. 97. If the note does not conform to the school law, it is nevertheless a good common law security. 10 Mo. Rep. 666. The demurrer admits the execution of the note to Barry county, and for a consideration.

GAMBLE, Judge, delivered the opinion of the court.

Barry county filed a petition against the defendants, alleging that they made their promissory note, by which they promised, for value received, to pay to plaintiff the sum of seventy-three dollars and fifty cents, twelve months after date, which amount, with the interest, remained unpaid. The defendants demurred to the petition, and the demurrer was sustained, and judgment for the defendants.

1. The note appears, by the petition, to have been made payable directly to Barry county, and, although there may be a duty to apply the money in a particular manner, or to a particular object, the promise by the note being to Barry county, the suit was properly brought in the name of the county. The act which enables counties to make contracts, (R. C. 289,) provides in the third section, "that all notes, bonds, bills, &c., whereby any person shall be bound to any county, or to the inhabitants thereof, or the governor, or to any other person, in whatever form, for the payment of money or any debt or duty, or the performance of any matter or thing, for the use of any

county, shall be valid and effectual to vest in such county all the rights, interests and actions which would be vested in any individual, in any such contract made directly to him."

Although there may be no statute directing the execution of a note in the form here used, for the indebtedness it was designed to secure, yet it is good on its face, as it imports a consideration. The demurrer should have been overruled, and therefore the judgment is reversed, and the cause remanded.