## TURNER v. CLARK COUNTY, *Appellant.*

County Court: POWER TO TAKE SECURITY. A county court may lawfully take from a delinquent county officer, by way of security for his delinquency, a bond and mortgage on real estate, notwithstanding he has already given an official bond, and the sureties in the bond are perfectly solvent.

*Appeal from Clark Circuit Court.*—HON. JOHN C. ANDERSON, Judge.

The suit was ejectment. Defendant claimed title to the land through a mortgage executed by plaintiff, and foreclosure proceedings thereunder.

*J. G. Blair* for appellant.

The county had the same right to accept the mortgage and enforce it by suit, as an individual. Gen. Stat. of 1865, p. 225, §§ 1, 2 ; p. 556, § 9; p. 443, § 13; *Han. & St. Jo. R. R. Co. v. Marion Co.,* 36 Mo. 294. Where the county is beneficially interested, she may purchase real estate. *Linville v. Bohanan,* 60 Mo. 554.

*P. T. Lomax, James Hagerman and R. E. Anderson* for respondent.

The county had no power to purchase land, or hold the same, unless it was given to her by statute. It acquired and can assert no title adverse to that of the respondent. *Ray Co. v. Bentley,* 49 Mo. 236 ; *Holt Co. v. Harmon,* 59 Mo. 165.

NAPTON, J.—The question in this case is, whether a bond and mortgage to a county, taken to secure the delinquency of a sheriff and *ex officio* collector, whose securities on his official bond were at the time perfectly good, is of any validity. The county court, it seems, in this case, had directed a suit upon the sheriff's bond, and during the pendency of such suit, accepted the bond and mortgage now

in question, and dismissed the suit against the officer and his securities. The county sued on the mortgage, obtained a judgment of foreclosure, and bought the land sold under the execution, and received a deed, which was duly recorded. It is clear that the county court had no power to exact such a mortgage, certainly none to substitute it for the original bond, and thereby discharge the securities. But the bond and mortgage were voluntarily given to secure an indebtedness to the county. Is there any statute which protects this? In the revised code of 1845, is found this section : "All deeds, grants and conveyances made, acknowledged and recorded as other deeds, conveying lands, tenements, or hereditaments to any county, or the inhabitants of any county and their successors, or to the Governor, or any person by whatever form of conveyance for the use and benefit of any county shall vest in such county in fee simple all the right, title, interest and estate which the grantor in such deed had, at the time of the execution thereof in the lands thereby conveyed."

This section has been retained in the revisions of 1855 and 1865, and is now found rather strangely in the present code, under the head of Uses and Trusts, 2 Wag. Stat., p. 1352, Sec. 13. It may be that the intention of the court in dismissing the suit against Ensign and his securities, and taking the bond and mortgage, was to release the securities, and it may be true that the effect of their proceeding through lapse of time, has so resulted. But we are unable to see why this destroys the title of the county to the land conveyed to it, to secure an indebtedness to the county. It may be that more effectual modes of securing the collector's delinquency were provided by law, and that the county court, as the manager of county revenues, acted unwisely in accepting the mortgage of the collector. But was the deed to the county therefore void ? See *Barry County to use of State School Fund v. McGlothlin,.* 19 Mo. 307. The decisions of this court in regard to mort-

gages to secure the school fund, are not applicable to this case.

The judgment of the circuit court is reversed and the case remanded. The other judges concur.

REVERSED.