BARTON COUNTY, *Appellant*, v. HARRINGTON.

**Equity**: COUNTY COURT'S CONTROL OVER COLLECTOR. The county court having accepted from the county collector a bond and mortgage to secure a delinquency in his accounts, afterward surrendered and canceled them without receiving payment of the debt. This action being brought by the county to set aside the order of surrender and cancellation as having been illegally and fraudulently made, and to reinstate the bond and mortgage ; *Held*, that there was no ground for the interposition of a court of equity.

*Appeal from Barton Circuit Court.*—HON. JNO. D. PARKINSON, Judge.

AFFIRMED.

*Robinson & Harkless* and *J. C. Cravens* for appellant.

*Edward Buller* for respondent.

NAPTON, J.—This is a petition to the circuit court of

Barton county, stating that the defendant was collector of the county, and in 1871 was a defaulter for upward of $2,000; that on the 8th day of November of that year, the county court accepted a bond from him and his securities for that sum and a mortgage of certain real estate. The bond was payable in three years, and bore six per cent. interest. The petition proceeds to state that in 1872 the said court combining and confederating with said Harrington, and for the purpose of cheating and defrauding the county, ordered the clerk to cancel said bond and enter satisfaction of said mortgage and surrender the same to defendant, without receiving the money due, and prays the court to set aside this order and hold it void. There was a demurrer to the petition, and it was sustained.

The case of *Turner v. Clark Co.*, 67 Mo. 243, was an ejectment, and the title of the county was by purchase under a foreclosure of a mortgage given by the collector under circumstances similar to those in the present case, and the title was held good. A suit upon the collector's official bond was dismissed and a mortgage taken, and a foreclosure of the mortgage was had, and the only question in that case was as to the validity of the title so acquired by the county. In the case now under consideration, a mortgage was taken in 1871 to secure the delinquency of the collector for $2,000, but in 1872 the county court directed the clerk to cancel the bond, and enter satisfaction of the mortgage, and surrender the same to the collector. The county now applies to a court of equity to set aside this order of the county court. In the Clark county case the mortgage was foreclosed and the title of the county, as purchaser, was questioned in an action of ejectment. In the present case the mortgage was surrendered, and the bond it was given to secure was canceled, perhaps for the reason that the court discovered or believed that they had acted unwisely in allowing such a substitute for the security of the official bond of the collector, and as preliminary to ordering a suit on the official bond.

It is true that in the Clark county case this court did not pronounce such mortgages a nullity, but it was, nevertheless, observed, that "the county court had no power to exact such a mortgage, certainly none to substitute it for the original bond and thereby discharge the securities," and as it was voluntarily given and foreclosed, the statute did not forbid the county from taking the title acquired under the foreclosure. But in this case the mortgage was canceled and no proceedings had under it, and the court is asked to set aside such cancellation.

We are unable to see any ground for the interposition of a court of equity. If the action of the county court in 1872, cancelling this bond and mortgage, was illegal, then the county had nothing to do but proceed on this bond and mortgage. The same facts now alleged could have been alleged and proved in an action at law on this substituted bond and mortgage. If the action of the court in allowing the substituted bond and mortgage was illegal, the remedy on the official bond of the collector had not been impaired. In either event there was no need of the interposition of a court of equity. There are allegations of fraud and conspiracy in the case, but we presume they were intended merely to give some color to an equitable jurisdiction. It is not easy to conceive of any fraudulent motives that could induce a county court, who had no personal interest in the matter, one way or the other, to annul their first action, which, whatever may be thought of its validity abstractly, was clearly impolitic, unwise and contrary to the spirit of our revenue laws. A delay of three years was given upon securing six per cent. interest, whilst our statute evidently intends such defalcations to be promptly collected by suit on the official bond of the defaulting officer. The object of the bill seems to have been to get the advice of the court as to which legal remedy the county should take, whether to sue on the original official bond of the collector or the substituted one; but it is not

the province of courts of equity to advise in regard to a choice of legal remedies. Judgment affirmed. The other judges concur.