## PECK *vs.* COWING.

Where, after a demurrer in a justice's court has been overruled, the demurring party pleads to, or takes issue upon the pleading to which the demurrer related, such demurrer forms no part of the case, upon error brought by such demurring party.

A plea in abatement, in *assumpsit,* setting up the non-joinder of a joint contractor, is not supported by evidence of a partnership in the subject of the contract, between the defendant and the person named in the plea, where it was proved that the defendant contracted in his own name without mentioning any partner, and the plaintiff had no knowledge that any other person was concerned with the defendant.

ERROR to Madison C. P. Peck sued Cowing before a justice in *assumpsit,* and declared upon a warranty of the qualities of a pump which the defendant sold to the plaintiff. The defendant demurred to the declaration; the plaintiff joined, and the justice overruled the demurrer. The defendant then pleaded in abatement that the undertaking mentioned in the declaration was made by him jointly with one Edward Malay, who is still living, and who was the defendant's partner at the time of making the contract, and should have been joined in the action. The plaintiff replied, taking issue on the plea. The defendant demurred to the replication; the plaintiff joined, and the justice overruled the demurrer. The return then states, that issue being so joined the parties proceeded to trial. The defendant proved that he and Malay were partners in selling pumps for three months in the year 1841, within which time the pump in question was sold to the plaintiff. Sales were made from place to place in the counties of Oneida and Madison, in which latter county the defendant lived. The plaintiff proved that the defendant came to his house and wanted to sell him a pump; the plaintiff at first refused to purchase, but finally purchased one on the defendant's recommending them highly. The defendant said he had pumps to sell; he mentioned no other name as owner or partner. There was no evidence that the plaintiff ever heard of Malay before the suit was commenced. During the time of the alleged partnership, the defendant in selling

pumps, had represented himself as agent of Cowing & Seymour, who were the manufacturers of the pumps. The justice gave judgment for the plaintiff, which on certiorari was reversed by the C. P. The plaintiff now brings error.

*J. Van Vleck,* for plaintiff in error.

*N. Foote,* for defendant in error.

*By the Court,* BRONSON, Ch. J. If the defendant intended to object on the writ of error to the sufficiency of the declaration in matters of form, he should have stood upon his demurrer. But instead of doing so, he put in a plea, and thus virtually withdrew and abandoned the demurrer. If the proceeding had been in a court of record, the demurrer would not have appeared as a part of the case. So too, the defendant withdrew and abandoned his demurrer to the replication, after it had been over-ruled, by proceeding to trial and giving evidence upon the issue of fact made by the plea and replication. As pleadings in a justice's court, the declaration and replication were both well enough in matter of substance.

The justice may well have found from the evidence, that the defendant sold the pump and made the warranty for himself, and in his own name alone; and that the plaintiff never heard of Malay, or any other joint contractor, until he was met by the plea in abatement. It does not appear that the defendant and Malay had any particular place of business, or that they were ever together in peddling pumps. The plaintiff had no means of knowing of this private partnership, and I think the justice was right in his judgment. (*Baldney* v. *Ritchie,* 1 *Stark. R.* 269; *Stansfield* v. *Levy,* 3 *id.* 8. And see *Hudson* v. *Robinson,* 4 *Maule & Sel.* 475.) I see nothing in the other objections, and think the judgment of the C. P. should be reversed, and that of the justice affirmed.

Ordered accordingly