Irvine v. Forbes.

New trial granted.

[ORLEANS GENERAL TERM, February 9, 1852. *Taggart, Marvin* and *Hoyt,* Justices.]

———————•○•———————

IRVINE and others, trustees of the Alleghany and Erie Telegraph Company, *vs.* FORBES.

Where a defendant in a justice's court, on the decision of a demurrer against him, puts in an answer, he thereby waives the demurrer; and the supreme court, on appeal, can not review the decision of the justice in overruling the demurrer.

The members of a private—association as a telegraph company—are not partners. They are tenants in common of the property and franchise belonging to the company, and the majority can not bind the minority, unless by special agreement.

Where it was provided by one of the articles of association of a telegraph company, that as soon as an amount of stock should be subscribed for, equal to half the whole amount required, three trustees should be appointed, one by P., and two *by subscribers of capital for constructing the line ; Held,* that an election of trustees could not be legally made, without the concurrence of all the stockholders. In such case the stockholders must meet, or at least be notified of the time and place of the meeting at which trustees are to be chosen.

Irvine *v.* Forbes.

THIS action was originally commenced before a justice of the peace, upon a subscription by the defendant for $50 of the capital stock of the Alleghany and Erie Telegraph Company, upon which he had paid $5. Judgment was rendered in favor of the plaintiffs, for $45. From this judgment the defendant appealed to the county court, which reversed the judgment of the justice. The plaintiffs then appealed to this court.

*Geo. Barker,* for the appellants.

*F. S. Edwards,* for the respondents.

*By the Court,* TAGGART, P. J. The plaintiffs' right to recover in this action depends upon the construction to be given to the articles of association of the company, for whom the plaintiffs sue as trustees.

By article 3, William P. Pew is authorized to receive subscriptions for the capital stock; ten per cent to be paid or made payable, on demand, and the residue to be paid to the *trustees* when called for, by *public notice, ten days previous to the time of payment.* Calls by installments, not exceeding twenty dollars, upon each share, and at intervals of not less than thirty days between the times of their payment. If a subscriber fails to pay, he forfeits his stock and all prior payments made thereon, and is liable by an action at law or bill in equity, for any deficiency due on such subscription, to be instituted by and in the names of the trustees of the company. By article 6, it is provided that " as soon as an amount of stock shall be subscribed for by *bona fide and responsible subscribers,* equal to one-half of the full amount required for constructing said line, *three trustees shall be appointed as follows:* One by said Pew, and two by subscribers of capital for constructing the line." Two questions are presented upon the pleadings; 1st, by demurrer, on the ground that the plaintiffs, as trustees, can not bring a suit in their own names, but that it must be brought in the names of all the partners, as parties in interest. That by the complaint, it appears that the defendant was one of the parties, and

Irvine *v.* Forbes.

the trustees as agents of the company, could not sue the principal. The justice overruled the demurrer, and the defendant then answered, and denied the election of the trustees pursuant to the articles of association.

The second question raised upon the pleadings, is a question of fact, as to the election of trustees. The first question, on the demurrer, is disposed of by the defendant on the decision of the demurrer against him, putting in his answer. He thereby waived the demurrer, and this court can not review the decision of the justice overruling the demurrer. (*Peck* v. *Cowing,* 1 *Denio,* 222.)

The only question raised upon the pleadings for this court to decide, is whether *the trustees were legally elected.* The plaintiffs represent a private association of individuals. The associates are not partners. They are tenants in common of the property and franchise belonging to the company, and the majority can not bind the minority unless by special agreement. (*Livingston* v. *Lynch,* 4 *John. Ch.* 573.) If this is a correct view of the case, then the election of trustees could not have been made without the concurrence of all the stockholders.

The only evidence to sustain the election of the plaintiffs as trustees, is contained in the deposition of H. P. Kinnear, taken on commission. He says "he was present at a meeting of the stockholders of the Alleghany and Erie telegraph company when three trustees were chosen. The meeting was held at the Liggins house, in the borough of Youngsville, Warren county, Pennsylvania, on the 21st day of September, 1849. That William A. Irvine, William Meade and Carter N. Kinnear were chosen trustees. The meeting was organized by John M. Kinnear being called to the chair, and E. C. Stacy appointed secretary ; after which William P. Pew appointed William A. Irvine, and the stockholders present, *viva voce,* appointed Wm. Meade and Carter N. Kinnear."

Admitting that the commission is properly executed and returned, is there proof here sufficient, *prima facie,* that all of the stockholders were present and participated in the election ? The

witness swears that he was present at a meeting of *the stock-holders*, &c. when three trustees were chosen. Had he stopped here the court might, as they undoubtedly would, have inferred in support of the judgment, that all of the stockholders were present. But in answer to the next interrogatory he says, "The *stockholders present, viva voce,* appointed William Mead and Carter N. Kinnear. The term *stockholders present* implies quite as strongly that they were not all present, as the definite article "the," prefixed to "stockholders" in the preceding answer, implies that they were all present. It is pretty evident from the expression *stockholders present*, &c. that they were not all present, and that the trustees were appointed by only a part of the stockholders.

This view of the question is strengthened by the fourth interrogatory and the answer thereto. The witness, in answer to the fourth interrogatory, says that he gave notice to the stockholders in the borough of Youngsville and vicinity, and forwarded by mail notices for the stockholders at different points along the line, of the time and place appointed to choose trustees. The plaintiffs being conscious that they could not prove a meeting of all the stockholders, attempt to save themselves by proving notice of the time and place of meeting to choose trustees. In this they have utterly failed. The only notice proved is to the stockholders in "Youngsville vicinity," and the mailing of notices for the stockholders at different points along the line. The witness does not state that he mailed notices to the stockholders at all the points along the line, nor even at the different points along the line. Nor does it appear that all the stockholders resided at points along the line and in the borough of Youngsville vicinity. It is therefore unnecessary to determine whether mailing the notice is a good service or not.

As the plaintiffs were bound to prove that a valid legal meeting was held, and from the view I have taken of it they have failed to make such proof, it is unnecessary to examine the question as to the validity of the commission, and the question of the proof that a sufficient amount of stock had been subscribed. I am inclined to think, however, that neither of these objections

is well taken. The commission is properly executed and returned, and the proof of the amount of stock subscribed might as well be made by another witness as the secretary.

It might perhaps have been objected that the testimony of the witness did not prove what it purported to prove, viz. that a sufficient amount of stock had been subscribed; but that objection was not made. The point is not as to the admissibility of the evidence, but as to the effect of it when admitted. I am inclined to think that the plaintiffs should have proved that the amount of stock required was actually subscribed, and not rely upon an examination of the subscription book to determine that fact, without proving the genuineness of the subscriptions.

It is contended, on the part of the plaintiffs, that the last clause of article twenty of the association, relieves them from the necessity of proving a strict compliance with the requirements of the law. The clause in question is as follows: "We do severally and not jointly hereby ratify and confirm all the acts of the Alleghany and Erie Telegraph Company, or the members thereof acting as said company, or done by them jointly, pursuant to the articles, in as full a manner as if we were at all times present and consenting thereto, and do adopt them as if done by ourselves." In reply to this it may be answered that until the complete organization of the company, by the appointment of trustees, they act individually and not as a company. Until such organization each member or subscriber acts for himself. The authority intended to be conferred by the clause in question, is not yet vested. The company must meet, or at least be notified of the time and place of the meeting, at which trustees are to be chosen. Neither of these acts has been done. The meeting was therefore irregular, and the defendant who has done no act ratifying or confirming the proceedings, and has not waived any of his rights, is not bound by the proceedings.

The plaintiffs can not claim that the stockholders are partners; for that would be against the allegations in their pleadings, and if made and allowed, would defeat their recovery upon another principle.

The judgment of the county court, reversing the judgment of the justice, must therefore be affirmed.

