WILLIAM D. ELLIOTT *et al.*, RESPONDENTS, *v.* WILLIAM IVERS *et al.*, APPELLANTS.

DISMISSAL OF ACTION BY PLAINTIFF NOT TO AFFECT INTERVENORS. Where O'Connell & Splain commenced a suit to foreclose a mechanics' lien against Ivers & Cook; and Elliott, and Petty & Doane intervened as lien claimants, and after appearance put in by defendants to the interventions, O'Connell & Splain filed a dismissal of the suit; *Held*, that the dismissal could not affect the rights of the intervenors, and that they had a right to adjudication as between themselves and defendants.

PROCEEDINGS TO FORECLOSE MECHANICS' LIEN. The statute relating to mechanics' liens (Stats. 1861, 36) contemplates a formal suit, a publication of notice, an appearance upon the part of lien claimants other than those commencing the suit, and a disposition of the entire matter of liens against the property affected, in one proceeding; and any person prejudiced by error in the proceeding may object.

NOTICE OF SUIT TO FORECLOSE MECHANICS' LIEN. The failure of a plaintiff, in
an action to foreclose a mechanics' lien, to publish notice of the suit will not
deprive a lien claimant, who intervenes in the action, of his right to have an
adjudication of his claim.

FORECLOSURE OF MECHANICS' LIEN—RIGHTS OF INTERVENORS. Where in a suit
to foreclose a mechanics' lien, certain lien claimants intervened, and defendants
answered and demurred to their interventions ; *Held*, that the court acquired
jurisdiction of the subject matter, and the parties, and the whole thereof; and
that the plaintiff could not, by a dismissal of the suit, prevent an adjudication
as to the rights of the intervenors.

APPEAL from the District Court of the Eighth Judicial District,
White Pine County.

This action was originally commenced by John O'Connell and
Philip Splain, to foreclose a mechanics' lien in their favor, for black-
smith work and articles furnished upon a building erected by Wil-
liam Ivers, in Hamilton, White Pine County. The amount of their
bill and lien was three hundred and ten dollars and ninety-one cents.
William D. Elliott claimed a lien to the amount of nine hundred and
fifty-four dollars and seventy-five cents, for mason work; and Wil-
liam R. Petty and G. W. Doane, a lien to the amount of five hun-
dred and eleven dollars and sixty-five cents, for carpenter work.
The suit was commenced in September, 1869 ; the interventions
filed in October, 1869, and the defendants filed their answer and
demurrer to the interventions in November, 1869.

On March 18th, 1870, when the cause was called for trial, de-
fendants objected to proceeding, and produced a paper signed by
plaintiffs' attorney directing the clerk to dismiss the action, and
stating that the same had been settled ; but at the instance of the
intervenors the trial proceeded, as between them and the defend-
ants. After decree against the latter, they appealed.

*Ellis & King*, for Appellants.

After the dismissal of their action by O'Connell & Splain, no
action or proceeding was pending, and the proceedings were *coram
non judice* as to the intervenors. There was no order of Court ad-
mitting any intervention in the action ; and under our Practice Act
an intervention takes place only when a third person is permitted by
the Court to become a party, either joining the plaintiff in claiming

what is sought, or uniting with the defendant, or demanding something adversely to both. The respondents do not occupy any of these positions.

*Clarke & Wells*, for Respondents.

I. Under our statute, only one suit can be maintained to enforce contemporaneous liens on the same property, and hence, after such suit has been commenced, the arbitrary action on the part of one or more of the lien holders cannot defeat or impair the rights of the others.

II. The giving of notice by the party commencing the action is in no wise any part of the commencement of the suit. It is his duty to do it, that others having liens may know of the action and come in ; but if they come in upon *actual,* and not *constructive,* notice, they are in upon *right* and the object is accomplished.

III. No order of Court was necessary in order that the respondents might appear in the action. They were not " intervenors " in the sense in which that term is used in our Practice Act. They came in as lien holders under the statute of 1861, and not as permissive intervenors under the code.

By the Court, WHITMAN, J. :

John O'Connell and Philip Splain commenced an action under the statute to foreclose a mechanics' lien against William Ivers, joining Lewis Cook as party defendant having an interest in the property sought to be held. Issue was joined Oct. 4th, 1869. On the twentieth of the same month, the parties above designated as lien claimants filed petitions of intervention, Petty & Doane appearing in one and Elliott in the other. To the former, a general answer was filed ; to the latter, a demurrer : both on the second of November, 1869. It does not appear affirmatively from the transcript that this demurrer was ever disposed of, but no objection is made on that ground. On the eighteenth of March, 1870, the case was called for trial, when, in the matter of O'Connell and Splain, the following notice was given by their attorney : " The clerk will enter dismissal in the above-entitled action, the same having been settled." An

order of dismissal was thereon entered; whereupon the defendants objected to proceeding with the matters of the petitioners, because the original suit had been dismissed, and because no notice to lien claimants had been filed. The objection was overruled, trial had, whereat, as is shown by the transcript, all the allegations of the petitioners were proven, and they had judgment and decree as prayed.

The first assignment of error is based upon the action of the Court, as just stated, in proceeding to try the issues between the petitioners and Ivers & Cook. The statute undoubtedly contemplates a formal suit, a publication of notice, an appearance upon the part of lien claimants other than those commencing the suit, and a disposition of the entire matter of liens against the property affected, in one proceeding. Any person prejudiced by any error in the proceedings may undoubtedly object thereto. Do the appellants occupy such position? The suit was regularly commenced. So far as appears by the transcript, no notice was published; the statute does not require one to be filed, but its object was accomplished, and from the action of the Court, presumptively, all other lien claimants appeared. The manner of their appearance was more formal than requisite under the statutory provision; but the appellants could not be injured thereby, and the manner is certainly proper, though perhaps not necessary. (*Mars* v. *Mackey*, 14 Cal. 127.)

So soon as these parties had appeared, the Court had jurisdiction of the subject matter, the parties and the whole thereof, and could not thereafter be divested of such jurisdiction by any action of the original plaintiffs. They had the right to retire from the contest, but they could not withdraw the subject matter so far as it concerned others who had become legally actors thereabout; nor could they compel the withdrawal of parties not in privity with them or their individual claims. So the Court properly proceeded with the investigation of the case, and as has been said, was and is fully sustained in its findings and decree by the proofs. This disposes of the remaining assignments, which assert absence or failure of proof upon certain points as against the evidence of the record. The judgment of the District Court is affirmed.