WESTPHAL, HINDS & Co. v. HENNEY ET UX.

1. **Parties**: PARTNERSHIP: HUSBAND AND WIFE. In an action against a wife, who is member of a firm, to subject her interest therein to the payment of a debt of her husband, the other members of the firm are necessary parties.

2. **Pleading**: DEMURRER. Pleading over waives any error based upon the ruling on a demurrer, notwithstanding the demurrer assails a defect of parties, and the answer is to the merits.

*Appeal from Dubuque District Court.*

TUESDAY, DECEMBER 3.

THE petition sets forth in substance that plaintiffs recovered a judgment against the defendant Thomas Henney; that execution was issued thereon, and that no property was found upon which to levy the same; that on the 18th day of January, 1876, the said Thomas Henney entered into a partnership with Jacob and Peter Klauer for the purpose of carrying on the stove and tin-ware business, and that the articles of copartnership were drawn in the name of the said Elizabeth Henney, wife of said Thomas Henney, and that he put a large amount of property into said partnership in the name of his said wife, for the purpose of defrauding his creditors, and that he is the real party in interest, his wife having no property whatever; that the partnership has assets amounting in value to five thousand dollars, one-half of which in fact belongs to said Thomas Henney.

It is prayed that the pretended interest of Elizabeth Henney be declared to be the property of her husband, and that the same be subjected to the payment of plaintiffs' judgment; that a receiver be appointed to take charge of said interest and property, and apply the proceeds or income to the satisfaction of the judgment, etc.

There was a demurrer to the petition, which was in these

words: "And now come the defendants and demur to the plaintiffs' petition, for the following reasons: *First,* because it appears from the face of the petition that there is a defect of parties in this: that it appears from said petition that Peter and Jacob Klauer are necessary parties to the action, and interested as to the granting of the relief prayed for in the petition."

The demurrer was overruled on the 16th day of February, 1878, and defendants excepted.

On the 25th day of February, 1878, the defendants perfected their appeal to this court by service of notice of appeal, but it does not appear that a *supersedeas* bond was filed.

On the 4th day of March, 1878, appellants filed their answer to the petition in the court below.

*McCeney & O'Donnell,* for appellants.

*Fockler & Longueville,* for appellees.

ROTHROCK, CH. J.—I. That there was a defect of parties defendant is too plain for argument or discussion. How the

1. PARTIES: partnership: husband and wife.

interest of the defendants in the partnership could be judicially ascertained, without the presence of all the members of the firm, is beyond our comprehension.

II. Although the overruling of the demurrer was erroneous, yet the defendants, by answering over to the merits of

2. PLEADING: demurrer.

the petition, have waived their right to appeal from the ruling upon the demurrer. This has been so often determined by this court that a citation of the cases is unnecessary. See Dillon Dig., 650; Hammond's Dig., 362.

Counsel for appellants insist that, as this was a demurrer for a defect of parties, and the answer was to the merits, and did not raise the question presented by the demurrer, the demurrer should not be deemed waived by answering.

They cite *Fisher v. Scholte,* 30 Iowa, 221, in support of this

view. We do not understand the rule of that case to be an exception to the general rule announced so often without exception or qualification, that answering over waives the ruling upon a demurrer.

We must not be understood, however, as holding that a decree founded upon these pleadings would have any binding force as against Jacob and Peter Klauer, or that any settlement of the partnership can be made, or the interest of an individual partner be determined, without the presence in court of all the partners.

