[No. 1,050.]

LONKEY & SMITH, RESPONDENTS, *v.* S. O. WELLS, APPELLANT.

MECHANIC'S LIEN—ITEMS OF ACCOUNT.—It is not essential to the validity of a mechanic's lien to specify the items of the account. It is sufficient to set forth a statement of the demand showing its nature and character and the amount due or owing thereon.

IDEM—STATEMENT OF TERMS.—If there are no special terms, time, or conditions given in the contract, none need be stated in the lien.

DEMURRER FOR NON-JOINDER OF PARTIES, ETC.—HOW WAIVED.—A party interposing a demurrer and relying upon any defect in the complaint as to non-joinder of parties, or uncertainty, must let final judgment be entered upon his demurrer. If he answers after his demurrer is overruled, he waives his right to rely upon his demurrer.

PRESUMPTIONS—WHERE RECORD DOES NOT CONTAIN ALL THE EVIDENCE.—Where the record on appeal does not purport to contain all of the evidence, this court will presume that there was evidence sufficient to sustain the conclusions and judgment of the court.

MECHANIC'S LIEN—WHEN MUST BE FILED.—A contractor must file his lien within sixty days after his contract is completed. Every other person entitled to a lien must file it within thirty days after the completion of the building.

IDEM—NOTICE TO LIEN CLAIMANTS.—The court proceeded to hear and determine the case without proof that notice had been given to other lien claimants as provided by statute: *Held*, that, as there was no showing made that there were any other lien claimants, the defendant could not have been prejudiced, and is not entitled to a new trial.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts are stated in the opinion.

*C. J. Lansing*, for Appellant:

The plaintiffs had no lien upon the premises described in the complaint. The lien did not specify the items of account. (*Heston* v. *Martin*, 11 Cal. 41.) It did not contain a statement of the terms, time given, and conditions of the contract. The act requires this to be done. A failure to comply with this requirement invalidates the lien. (Phil. Mech. Liens, sec. 18; *Associates of Jersey* v. *Davidson*, 5 Dutch. 415; *Ayres* v. *Revere*, 1 Id. 474; *Parker* v. *Anthony*, 4 Gray, 289; *Greenough* v. *Nichols*, 30 Vt. 768; *Noll* v. *Swineford*, 6 Pa. St. 187; *Con. Pres. Soc.* v. *Staples*, 23 Conn. 544; *Bottomly* v. *Grace Church*, 2 Cal. 90; *Skyrme* v. *Occidental M. & M. Co.*, 8 Nev. 219; *Goss* v. *Strelitz*, 54 Cal. 640; *Hunter* v. *Truckee Lodge*, 14 Nev. 24; *Wood* v. *Wrede*, 46 Cal. 637.)

*Lewis & Deal*, for Respondents.

By the Court, HAWLEY, J.:

Section 5 of the "Act to secure liens to mechanics and others" (Stat. 1875, 122), reads as follows:

"Every original contractor, within sixty days after the completion of his contract, and every person, save the original contractor, claiming the benefit of this chapter, must, within thirty days after the completion of any building, * * * file for record with the county recorder * * * a claim containing a statement of his demand,

after deducting all just credits and offsets, with the name of the owner * * * and also the name of the person by whom he was employed or to whom he furnished the material, with a statement of the terms, time given, and conditions of his contract, and also a description of the property to .be charged with the lien, sufficient for identification, which claim must be verified by the oath of himself or of some other person."

1. It is claimed by appellant that the plaintiffs' pretended lien does not conform to the provisions of this section, and is, therefore, invalid.

The portion of the lien to which the objections are urged reads as follows:

"That it is our desire to avail ourselves of the benefits of the act, * * * and that it is our intention to claim a lien upon the premises aforesaid and hereinafter described, and to claim and to hold such lien, not only on said building or superstructure so erected, but also upon the land upon which the same is erected; * * * that G. K. Hollister is the person by whom we were employed to furnish the said materials for the construction of said building, and to whom, at his special instance and request, we did furnish said material, the said G. K. Hollister being engaged as contractor to construct said building for the said S. O. Wells, who was and is the owner thereof, and also the land and premises whereon the same is situated; that the following is a correct and true statement of our demand for which we claim said lien, viz., material, to wit: lumber, doors, sash, blinds, moldings, casings, and mill work, for said building, to the amount and value of five hundred and thirty-six dollars and twenty-seven cents, after deducting all offsets and credits, which said lumber and material was furnished by us to said G. K. Hollister, to be used, and was, in fact, used in the construction of the said building hereinafter described; that no part of said account has been paid, and the said sum of five hundred and thirty dollars and twenty-seven cents is now wholly due and unpaid; that the said lumber and material was commenced by us to be furnished upon the twenty-eighth day of October,

1879, for the construction of said building, and was continued to be furnished up to and including the fifteenth day of November, 1879, and was wholly furnished within those two dates, and that thirty days have not elapsed since the completion of said building or superstructure, for which said material was furnished."

Then follows a true description of the building and premises to be charged with the lien, and it is verified in proper form. The specific objections to this lien are, first, that the instrument is "but a notice of intention to claim a lien." This objection is frivolous. Second, " the lien or claim of lien is bad and insufficient, inasmuch as it fails to show an account or set forth the items of materials in the statement of demand in claim of lien filed, or specify the quantity of lumber and materials, or the kind of materials furnished, or the price or value of each or any kind, or the balance of the  *  *  *  account, or that the contract for the sale of the lumber and materials was in gross." The supreme court of California, under a statute, in this respect, identical with our own, has frequently decided that it is not absolutely essential that the lien should specify the items of the account; that the statute only required " a statement of the demand, showing its nature and character, and the amount due or owing thereon." (*Brennan* v. *Swasey*, 16 Cal. 142; *Selden* v. *Meeks*, 17 Id. 131.)

The statement in plaintiffs' lien is not as clear and specific as it might have been made, but tested by the decisions above referred to and the previous decisions of this court, it is not so defective " as to prevent the enforcement of the lien." (*Skyrme* v. *Occidental M. and M. Co.*, 8 Nev. 237.)

The third objection is that " the lien or claim is invalid because it fails to contain a statement of the terms, time given, and conditions of the plaintiffs' contract." It is undoubtedly the true meaning of the statute, as stated by McKinstry, J., in *Goss* v. *Strelitz*, 54 Cal. 643, " that the rights of sub-contractors and material-men should be ascertained by reference to the *liens as filed*, or should rest upon proof of contracts between them and the original contractor such as accord with the terms and conditions set forth in the

claims of lien." But if there are no special terms, time, or conditions given none can be stated, and in the absence of any such specification, or proofs to the contrary, the law would presume that none existed, and that the materials were to be paid for on delivery. The several objections to the validity of the lien are untenable.

2. It follows from the views already expressed that the complaint states facts sufficient to constitute a cause of action, and that the demurrer interposed upon that ground was properly overruled.

3. The questions whether the court erred in overruling defendant's demurrer upon the ground of non-joinder of parties defendants, or of ambiguity and uncertainty as to the time when the building was completed, can not be considered upon this appeal, for the reason that the defendant did not rest upon his demurrer and allow judgment to be entered against him thereon. After his demurrer was overruled he filed an answer raising issues of fact, and thereby waived his right to rely upon his demurrer upon issues of law. The general rule seems to be well settled, as stated by Bliss in his work on code pleading, that "if the demurrant wishes to take advantage of any supposed error in overruling the demurrer, he must let final judgment be entered upon it; for, if he shall answer, after such ruling, he waives any objection to it, except for the two radical defects. (Sec. 417.) (*De Boom* v. *Priestly,* 1 Cal. 206; *Pierce* v. *Minturn,* Id. 470; *Brooks* v. *Minturn,* Id. 481; *Pickering* v. *Mississippi V. N. T. Co.,* 47 Mo. 459, 460; *Township Board of Education* v. *Hackman,* 48 Id. 246; *Saline Co.* v. *Sappington,* 68 Id. 457; *Mitchell* v. *MaCabe,* 10 Ohio, 409; *Peck* v. *Cowing,* 1 Denio, 222; *Jones* v. *Thompson,* 6 Hill, 621; *Irvine* v. *Forbes,* 11 Barb. 589; *Fisher* v. *Scholte,* 30 Iowa, 222; *Coit* v. *Waples,* 1 Minn. 140; *Hill* v. *Wright,* 23 Ark. 530.)

4. The question whether the evidence is sufficient to show that the lien was filed within thirty days after the completion of the building must be considered as settled by the findings of the court to that effect, because the record does not purport to contain all the evidence. But it is argued that the additional findings show the facts upon which the

court acted, and conclusively show that the lien was not filed within the statutory time.

The additional findings, upon which appellant relies, read as follows:

"1. That the said building of defendant, S. O. Wells, was wholly completed and finished on the seventeenth day of December, A. D. 1879, except that some picture moldings were thereafter placed and put up on the walls of said building.

"2. That said picture moldings were furnished by the defendant, and were put up by said Hollister, or a man in his employ, who did not complete the putting up thereof until the twenty-second of December, A. D. 1879.

"3. That the contract between said Hollister and defendant provided that said Hollister should build said house and furnish all the materials at his own expense, but did not provide for the putting up nor furnishing of any picture moldings. * * *

"4. That said picture moldings consist of a narrow strip of lumber about one and three quarters inches in width and one half inch thick, and so made as to receive hooks upon which pictures may be hung, and are fastened to the upper part of the walls with nails."

We do not think these findings are in opposition to the finding of the court that the lien was filed "within thirty days after the completion of said building." The facts that the original contract did not call for the picture moldings and that the original contract between Hollister and Wells was completed more than thirty days prior to the filing of the lien are immaterial. Notwithstanding these admitted facts, the plaintiffs may have been entitled to their lien. The law requires every contractor to file his lien within sixty days *after the completion of his contract.* But every other person entitled to a lien is required to file a lien within thirty days *after the completion of the building.* The real question, therefore, was: When was the building completed? If the building was not completed until the picture moldings were put up, then the plaintiff's lien was filed within the statutory time. That fact was within the prov-

ince of the court to determine, and inasmuch as the record does not contain all the evidence, we must presume it was sufficient to sustain the conclusions and judgment of the court.

5. This brings us to a consideration of the last question presented by this appeal. Did the court err in hearing and deciding this case without proof that notice had been given to other lien claimants, as provided in section 15 ? If there had been any showing that there were other lien claimants, we think it would have been the duty of the court to have compelled the plaintiffs to give the notice required by law before proceeding to hear the case. The law contemplates that all the lien claimants shall be brought in, and their rights, as well as those of the plaintiffs and defendant, shall be heard and determined in one action. (*Elliott* v. *Ivers*, 6 Nev. 290.) But in the present case there is no showing that there were any other liens, and we must presume there were none. If so, the defendant could not have been prejudiced and is not entitled to a new trial.

The judgment of the district court is affirmed.