## BRISBOIS v. LEWIS.

In an action by the assignee of a promissory note to recover on the note, the plaintiff, in stating his cause of action, omitted to state that the note sued on was due, by the terms thereof, at the time of bringing the action. The defendant interposed no objection on account of this omission till the plaintiff's testimony was closed, but pleaded that the assignment was fraudulent and made by the payee in order to escape a set-off which defendant had against him, and that the note was obtained through fraud, of which plaintiff had notice. *Held*, plaintiff could amend his complaint by the addition of an allegation that the note sued on was due "in six months after the day of the date thereof," and that the court could require defendant to answer such amended complaint *instanter*.

*Appeal from County Court of Lake County.*

Two objections are raised by the appellant to the regularity of the proceedings below, and it is insisted that the alleged errors are so prejudicial to the rights of the appellant as to require a reversal of the judgment of the county court. The suit was instituted January 8, 1883, by the appellee Lewis, as assignee of a promissory note executed by the appellant on the 21st day of March, 1882. This note in terms promises to pay, to the order of one George S. Curtis, the sum of $200, six months after its date, with interest thereon at the rate of one per cent. per month, the interest to be paid monthly. The plaintiff, in stating his cause of action in the complaint filed, omitted to aver that the note sued on was due, by the terms thereof, at the time of bringing suit. No objection on account of this omission was interposed by the defendant, in any manner, until the close of the plaintiff's testimony on the trial. The defendant answered the complaint, admitting the execution and delivery of the note to Curtis as alleged in the complaint, but denied the good faith of its assignment to the plaintiff. He averred that Curtis was still the owner of the note, and that the pretended assignment was made without con-

sideration; that the assignment was fraudulent, and executed for the purpose of enabling Curtis to collect the note without affording the defendant an opportunity to interpose an offset or cross-demand which he held against said Curtis, exceeding in amount the amount of the note, principal and interest. Defendant also averred that the note was obtained by Curtis through fraud and misrepresentation, and that plaintiff had notice of these frauds at the time of the assignment. The plaintiff filed a replication, traversing the averments of the answer relating to the bad faith of the assignment of the note, and the plaintiff's knowledge of the alleged defenses existing in favor of the maker. Upon the issues thus framed, the parties entered upon the trial of the cause. Both Curtis and the plaintiff testified that the assignment of the note was made in good faith, for a valuable consideration, and before its maturity. Plaintiff then rested, when the defendant's counsel stated to the court that plaintiff was entitled to judgment only for the amount which appeared to be due by the allegations of the complaint, which would be the monthly instalments of interest that had accrued since the execution of the note. Thereupon plaintiff's counsel moved to amend the complaint by an averment that the note was payable six months after date, and was due. This amendment was allowed, against the objection of the defendant, who then asked leave to answer the amended complaint in twenty days. The court denied this motion, and ordered the defendant to answer the same *instanter*, which he declined to do. The note was then admitted in evidence, over the objections of the defendant. No evidence was offered on the part of the defendant, and judgment was rendered for the plaintiff for the principal sum named in the note, together with the accrued interest.

Mr. W. P. Wade, for appellant.

Messrs. Rollins and Templar, for appellee.

BECK, C. J.   Two rulings of the county court are relied upon by Brisbois, who was defendant below, as sufficient grounds for reversing this judgment.   The first permitted the plaintiff to amend his complaint on the trial by the addition of an allegation that the note sued on was "due in six months after the day of the date thereof;" the second denied the defendant's motion for twenty days' time to answer the complaint as amended, and required him to answer the same *instanter*.   It is argued that these rulings constitute an abuse of judicial discretion.   We think otherwise, for the reasons that the issues were not changed by the amendment of the complaint, and consequently the defendant cannot be said to have been taken by surprise, or prejudiced thereby.   The original complaint, notwithstanding the defect, advised the defendant that the object of the action was to obtain judgment for the full amount of the note. The defendant, aware of the plaintiff's omission to allege the maturity of the note, appears to have saved up the objection to be sprung on the trial, and answered fully to the merits of the cause of action.   His principal defense consisted of a cross-demand against Curtis, the payee of the note, exceeding in amount the amount of the note. In order to avail himself of this defense as against the plaintiff Lewis, he attacked the good faith of the assignment, and alleged that the note still belonged to Curtis. The amendment of the complaint in no manner prejudiced this defense.   It did not even necessitate an amendment of the answer.   If an amendment of that pleading was necessary, it did not arise from the cause or ruling complained of.   The real grievance of the defendant appears to be that the court defeated his scheme to compel the plaintiff to submit to a nonsuit, or to take a judgment for interest only.   Withholding all objections to the complaint until the plaintiff had introduced his testimony in chief, he then points out the defect, which the court very properly allowed to be cured by an immedi-

ate amendment of the complaint, so as to include the plaintiff's whole cause of action.

We are of opinion the errors assigned are without merit, and that the rulings complained of are within the spirit of the code provisions relating to amendments of pleadings, especially section 81, p. 24, Civil Code, 1883.

The judgment is affirmed.

*Affirmed.*