[No. 1537, June 20, 1913.]

TERRITORY ex rel. CECILIA BACA, et al., Appellants, v. SALVADOR BACA, et al., Appellees.

## SYLLABUS (BY THE COURT)

1. A defendant, by answering over, upon demurrer overruled, waives all objections to the petition of the plaintiff, except to the jurisdiction of the court and the failure of the petition to state a cause of action, and, where a defendant raises by demurrer the question of a defect of parties plaintiff, and, upon such demurrer being voerruled answers to the merits, he cannot thereafter raise the same question by objecting to the introduction of evidence.

P. 67

Appeal from District Court, Bernalillo County; Ira A. Abbott, Associate Justice; reversed and remanded.

H. P. OWEN and GEORGE S. KLOCK, Albuquerque, for appellants.

Amended complaint stated a cause of action against appellees and sureties. No defect of parties plaintiff. No misjoinder of parties plaintiff. Dicey on Parties, 101; Hoxie v. Weston, 19 Maine 222; Sanders v. Filley, 12 Pick. (Mass.) 554; Chapin v. Vermont R. R. Co., 8 Gray (Mass.) 575; Irish v. Jonston, 11 Pa. St. 483; Wieman v.

Mainegva, 112 La. 105, 36 So. 358; Probate Court v. Potter, 52 Atl. 1085; Rossen v. Piper, 34 Me. 98; Probate Court v. Southard, 62 N. H. 228; Boile v. St. John, 28 Hun. (N. Y.) 454; Loring v. Kendall, 1 Gray 313; Glover v. Heath, 3 Mass. 252; Conant v. Stratton, 107 Mass. 474; Choate v. Arlington, 116 Mass. 252; People v. Norton, 9 N. Y. App. 179; C. L. 1897, C. 2685, subsecs. 2 and 3; Conway v. Carter, 11 N. M. 419; Williams v. Kiernan, 25 Hun. N. Y. 358; N. Y. Civ. Cod. Pro. page 449; Cridler v. Curry, 66 Barber N. Y. 337; Thayer v. Clark, 48 Barb. 243; Bramley v. Forman, 15 Hun. (N. Y.) —; People v. Struller, 16 Hun. (N. Y.) 236; McCorkle v. Williams, 20 S. E. 744; 43 S. C. 66; Pilcher v. Barratt, 62 Kans. 137, 61 Pac. 737; Southerlands Code Pleading, Practice and Forms, vol. 1, sec. 14, pages 12, 13 and 14; Marie, et al., v. Garrison, 83 N. Y. 13; Bennett v. Woodman, et als., 116 Mass. 519; Embree v. State, 85 Ind. 368; Judge of Probate v. Lane, et al., 51 N. H. 342; Cranson, Judge of Probate, v. Wilson, 71 Mich. 356; Hood v. Sood, 6 N. Y. St. Rep. 685; (Misjoinder.) Beal v. Territory, 1 N. M. 507; Butterfield Overland Dispatch Co. v. Wedeles, 1 N. M. 528; Bremen Min. Co. v. Bremen, 13 N. M. 110-18, 79 Pac. 1133; Hier v. Stapleh, 51 N. Y. 136; Encyc. P. & P., vol. 6, pages 374, 375; Perkins v. Stimmel, 114 N. Y. 359.

NEILL B. FIELD, Albuquerque, N. M., for appellees.

Parties plaintiff in suit on bond. 15 Ency. P. & Pr. 491-6, and cases cited; Id. 498; People v. Pacheco, 29 Cal. 213; I Sutherland Code Pl., sec. 14; Id., sec. 18; 15 Encyc. Pl. & Pr. 710; 3 Johns Ch. Rep. 555; Davoue v. Fanning, 4 Johns. Ch. 202; Dehart v. Surviving Ex'r Dehart, 3 N. J. Eq. 472-3; Brown v. Ricketts, 3 Johns. Ch. 553; Dicey, Parties to Actions, note 1, p. 119 (1040); 18 Cyc. 957; Conway v. Carter, 11 N. M. 430.

Court properly directed a verdict for defendants Steamship Co. v. Immigration Commrs. 113 U. S. 37; Oscanyan v. Arms Co., 103 U. S. 261; Butler v. National Home, etc., 144 U. S. 64.

Reply Brief for Appellants.

Answering over after demurrer waives the grounds of demurrer, except jurisdiction of court over defendant or of subject matter. C. L. 1897, sec. 2685, sub-sec. 39; Laws 1901, chap. 82, sec. 6; Wall v. McConnell, 65 Tex. 397; Clay F. & M. Ins. Co. v. Huron Salt Co., 31 Mich. 346; State v. Johnson, 52 Ind. 197; Tedrick v. Wells, 152 Ill. 217; People v. Slocum, 1 Idaho 62; Rockwood v. Brown, 1 Gray 262; Raymond v. Johnson, 11 Johns. (N. Y.) 488; Artisans Ins. Co. v. Drennan, 4 Brewst. (Pa.) 103; 15 Encyc. Pl. & Pr. 491, 492 and 493; People v. Pacheco, 29 Cal. 213; Conway v. Carter, 11 N. M. 430; Davoue v. Fanning, 4 Johns. Chan. 202; Brown v. Rickerts, 3 John. Chan. 553; Dehart v. Surviving Exec. Dehart, 3 N. J. Eq. 472, 473; Crews v. Taylor, 56 Tex. 465; E. St. Louis v. Flanigan, 26 Ill. App. 449; Hunnicutt v. Kirkpatrick, 39 Ark. 172; Haynes v. Butler, 30 Ark. 69; 15 Encyc. Pl. & Pr. 110 to 115.

## OPINION OF THE COURT.

ROBERTS, C. J.—This action was instituted by three of five residuary legatees to recover on the bond of the administrators of the estate of Juan Baca y Garcia. The complaint set out the names of all the residuary legatees, the appointment, and qualification of the administrators, the giving of the bond and the facts showing default, and concluded with a prayer for judgment against the defendants for the penalty of the bond, and that the said sum be brought into court for distribution among the heirs at law and residuary legatees of the deceased. To this complaint the defendants interposed a demurrer upon the ground "that there is a defect of parties plaintiff in that Juana Sabedra, one of the residuary legatees, is not made a party." The demurrer was overruled by the lower court and defendants answered to the merits. Thereafter, the cause came on for trial before a jury and objection was interposed to the introduction of any evidence on the same grounds stated in the demurrer, viz: That there was a defect of parties plaintiff. The court sustained the objection and excluded all the proffered evidence, and,

upon appellants' refusal to amend their complaint and bring in the additional party, directed the jury to return a verdict for the defendants, which was done and judgment entered thereon. From the judgment appellants appeal and for a reversal of the cause submit two propositions, viz. (1) There was no defect of parties plaintiff, and (2), if there was in fact a defect of parties plaintiff, such defect appeared upon the face of the complaint, and appellees having demurred to the complaint on that ground, and such demurrer having been overruled and an answer interposed to the merits, they thereby waived their right to object to the introduction of evidence on the grounds stated in their demurrer.

We will first discuss the second proposition, because, if the point made is well taken, the first ground assigned becomes of no importance.

"Defect of parties plaintiff," by sub-sec. 35 of the Code of Civil Procedure, is made a ground of demurrer, where the defect appears upon the face of the complaint, as it did in this case, if it was necessary to make all the residuary legatees parties to the suit. A demurrer on that ground having been interposed and overruled, and defendants thereafter answering to the merits, abandoned their demurrer. The case therefore stood, at the time of trial, as if no demurrer had been interposed, and the defect, if it existed, had been waived by the defendants. By sub-sec. 39 of the Code of Civil Procedure, a defendant waives all objections to the complaint, not taken advantage of by demurrer where the defect appears upon the face of the complaint, otherwise by answer, excepting only "the objection to the jurisdiction of the court over the subject matter of the action, and excepting the objection that the complaint does not state facts sufficient to constitute a cause of action." Defendants having therefore waived the objection, could not take advantage of it upon the trial of the cause by objecting to the admission of evidence. To have made the objection available, defendants should have stood upon their demurrer. The rule is thus

stated by Bliss, in his book on Code Pleading.   (3rd Ed.)
Sec. 417.

"If the demurrant wishes to take advantage of any sup-
posed error in overruling the demurrer, he must let final
judgment be entered upon it; for if he shall answer, after
such ruling, he waives any objection to the pleading, ex-
cept for two radical defects, and the question can not be
afterwards raised, either by answer or by objecting to tes-
timony."

The question has been before the courts in a number of
cases, and it has uniformly been held that where the de-
fect of want of a proper party to the suit is patent on the
face of the petition, if it exists at all, it can only be taken
advantage of by demurrer.   And, if after a demurrer
raising that point is overruled, the defendant answers
over, he thereby waives the point, and cannot raise it
anew by answer or upon the trial.

State of Missouri to the use of Saline County v. Sap-
pington, et al., 68 Mo. 454; Haughey Livery & Und. Co. v.
Joyce, 41 Mo. App. 564; Haase v. Distilling Co., 64 Mo.
App. 131; Spilane v. Mo. Pac. Ry. Co., 111 Mo. 555;
Barth v. Deuel, 9 Colo. 494; Fillmore v. Wells, et al., 10
Colo. 228; Westphal, Hinds & Co. v. Henney et ux, 49
Iowa 542; Lonkey v. Wells, 16 Nev. 271; see also the case
of Tenant v. Pfister, 45 Cal. 270, where the court say:

"It would be productive of much confusion and prob-
able surprise to parties if a demurrer for misjoinder of
parties or the like, once passed upon may be afterwards
in effect renewed at the trial by the mere repetition of the
same objection which has been already definitely deter-
mined in disposing of the demurrer."

This reasoning is directly applicable to this case.  Here
the demurrer had been interposed and overruled, and an
answer filed to the merits.  Appellants naturally supposed
the question was disposed of; the witnesses were all pres-
ent, the jury sworn, and they were met with the objection
previously passed upon by the court.  To have amended
at that time would have necessarily resulted in confusion
and delay.

Appellees have cited the cases of Steamship Co. v. Immigration Commissioners, 113 U. S. 37, and Oscanyan v. Arms Co., 103 U. S. 261, as justifying the action of the lower court. In these cases, however, it will be found that the facts stated failed to show a cause of action. Failure of a complaint to state facts sufficient to constitute a cause of action can of course be raised at any time, and the cases therefore have no application to this case.

For the reasons stated, the judgment is reversed and the cause remanded, and it is so ordered.

### SYLLABUS (BY THE COURT)