The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Opinion Number:** _____

**Filing Date:** June 22, 2023

**NO. S-1-SC-38177**

**MARIO RUDOLFO,**

     Petitioner,

v.

**ROBERT STEWARD, LCCC, Warden,**
**VINCENT HORTON, FCCF, Warden,**

     Respondents.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Cindy M. Mercer, District Judge**

Burgess & Porter Law, LLC
Barrett G. Porter
Albuquerque, NM

for Petitioner

Hector H. Balderas, Attorney General
Walter Hart, Assistant Attorney General
Santa Fe, NM

for Respondents

**OPINION**

**VIGIL, Justice.**

{1}  A jury convicted Petitioner Mario Rudolfo of first-degree murder under a general verdict. The jury instructions contained two alternative theories for the jury to use as a basis for the first-degree murder conviction: (1) felony murder predicated on shooting at or from a motor vehicle and (2) willful and deliberate murder. Twelve years after Petitioner's conviction, this Court issued its opinion in *State v. Marquez*, 2016-NMSC-025, ¶ 2, 376 P.3d 815, holding that "the crime of shooting at or from a motor vehicle may not serve as the predicate felony in support of a felony murder charge." Now, Petitioner argues that the *Marquez* holding applies retroactively and asserts that his conviction for first-degree murder must be vacated.

{2}  We hold that *Marquez* announced a new substantive rule which applies retroactively. As a result, we set aside the district court's denial of Petitioner's writ of habeas corpus, vacate Petitioner's first-degree murder conviction, and remand the case for a new trial on first-degree murder.

**I.  BACKGROUND**

{3}  In addition to his conviction for one count of first-degree murder, the jury also convicted Petitioner of attempted murder, shooting at or from a motor vehicle, and tampering with evidence. The jury's general verdict did not indicate whether

Petitioner's first-degree murder conviction was based upon the theory of felony murder or willful and deliberate murder.

{4}     On direct appeal, Petitioner challenged his convictions alleging a double jeopardy violation, that the district court improperly failed to instruct the jury on self-defense, and that there was insufficient evidence to support Petitioner's tampering with evidence conviction. *State v. Rudolfo*, 2008-NMSC-036, ¶ 2, 144 N.M. 305, 187 P.3d 170. This Court affirmed his convictions for first-degree murder, attempted first-degree murder, and tampering with the evidence. However, we vacated Petitioner's conviction for shooting at or from a motor vehicle and held that the alternative theory of felony murder could subject Petitioner to a double jeopardy violation. *Id.* ¶¶ 3, 10-12.

{5}     Petitioner then filed a petition for writ of habeas corpus in the district court, arguing that the holding from *Marquez*, 2016-NMSC-025, ¶ 23, is substantive, that it applies retroactively, and that this first-degree murder conviction should be converted to second-degree murder. The district court concluded that *Marquez* should not be applied retroactively because the case did not announce a substantive rule "but that it simply clarified the procedure for determining whether felonies qualify as predicate felonies." The district court denied Petitioner's writ of habeas corpus petition.

{6}     Thereafter, Petitioner petitioned this Court for a writ of certiorari to review the district court's denial of his petition for writ of habeas corpus. *See* Rule 5-802(N)(2) NMRA; Rule 12-501 NMRA. We granted certiorari to address whether *Marquez* is afforded retroactive effect and to determine the implications of our decision on Petitioner's first-degree murder conviction.

## II.     DISCUSSION

{7}     "It is within the inherent power of this Court to give its decision prospective or retroactive application without offending constitutional principles." *Kersey v. Hatch*, 2010-NMSC-020, ¶ 14, 148 N.M. 381, 237 P.3d 683 (internal quotation marks and citation omitted). "Retroactivity is a legal question, which we review de novo." *Id.* (internal quotation marks and citation omitted).

## A.     Threshold Requirements for Retroactivity Analysis

{8}     For new case law to apply retroactively, a judicial opinion must have announced a new rule after a defendant's criminal conviction had been finalized. *Id.* ¶ 15. "A case is finalized when 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" *State v. Nunez*, 2000-NMSC-013, ¶ 114, 129 N.M. 63, 2 P.3d 264 (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)).

3

Here, Petitioner's conviction for first-degree murder was finalized in 2008 following his direct appeal. *See Rudolfo*, 2008-NMSC-036, ¶ 3.

{9}     The parties and the district court agree that *Marquez* announced a new rule. An appellate opinion "need not overrule a prior decision in order to qualify as new." *Kersey*, 2010-NMSC-020, ¶ 18 (internal quotation marks and citation omitted). "Rather, an opinion announces a new rule if it breaks new ground, imposes new obligations on the government, or was not dictated by precedent." *Id.*

{10}     In New Mexico, our laws "elevate second-degree murder to [first-degree murder] when the murder occurs during the commission of a dangerous felony." *Campos v. Bravo*, 2007-NMSC-021, ¶ 9, 141 N.M. 801, 161 P.3d 846; NMSA 1978, § 30-2-1(A)(2) (1994). Prior to *Marquez*, the predicate felony for felony murder had to "be independent of or collateral to the homicide." *See State v. Harrison*, 1977-NMSC-038, ¶ 9, 90 N.M. 439, 564 P.2d 1321, *modified on other grounds by State v. Ortega*, 1991-NMSC-084, ¶ 26, 112 N.M. 554, 817 P.2d 1196. Following this rule, this Court employed a strict-elements test to determine whether a particular felony was independent of or collateral to a homicide. *State v. Duffy*, 1998-NMSC-014, ¶¶ 23-24, 126 N.M. 132, 967 P.2d 807, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. "Under this test, an offense [was] deemed to be a lesser-included offense of another only if all of the statutory

4

elements of the lesser offense [were] completely embodied within the statutory elements of the greater offense such that it would [have been] impossible ever to commit the greater offense without also committing the lesser offense." *Id.* ¶ 24 (internal quotation marks and citation omitted).

{11} In *Marquez*, this Court announced and applied a new test—the felonious purpose test—to determine whether an underlying felony is an appropriate collateral felony to support a charge of felony murder. 2016-NMSC-025, ¶ 19. The *Marquez* Court explained that under the felonious-purpose test, "a dangerous felony may only serve as a predicate to felony murder when the elements of any form of the predicate felony—looked at in the abstract—require a felonious purpose independent from the purpose of endangering the physical health of the victim." *Id.* ¶ 24. "In other words, there must be a felonious purpose that is independent from the purpose of endangering the physical health of the victim before the dangerous felony can be used to elevate a second-degree murder to a first-degree murder." *Id.*

{12} To reach its ultimate conclusion—that shooting at or from a motor vehicle cannot serve as the predicate felony for felony murder—the *Marquez* Court outlined the relationship between second-degree murder and the crime of battery. *Id.* ¶¶ 17, 18. The *Marquez* Court explained that battery "is the prototypical lesser-included offense of murder that fails to meet the collateral-felony requirement," *id.* ¶ 17,

because "all or virtually all murders include the commission of some underlying felony in the nature of an assault or battery." *Id.* ¶ 16. The *Marquez* Court determined that "shooting at or from a motor vehicle 'is an elevated form of aggravated battery' and thus cannot be used as a predicate for felony murder." *Id.* ¶ 23 (citation omitted). The Court reasoned that it "did not have a felonious purpose independent from the purpose of endangering the physical health of the victim because shooting from a motor vehicle must be accomplished with reckless disregard for the safety of a person." *Id.* ¶ 25. Thus, shooting at or from a motor vehicle cannot serve as the predicate felony for felony murder. *Id.*

{13}     Therefore, because *Marquez* broke new ground in announcing the felonious-purpose test for determining an applicable predicate felony for felony murder and because Petitioner's conviction was finalized before *Marquez* was decided, the threshold requirements for retroactivity are satisfied.

**B.     Retroactive Application of *Marquez***

{14}     In *Teague v. Lane*, 489 U.S. 288, 299-313 (1989), the United States Supreme Court clarified how retroactivity should be determined by a federal court on collateral review, such as on a writ of habeas corpus. Under United States Supreme Court precedent, new rules are not generally applied retroactively to cases on collateral review. *See Mackey v. United States*, 401 U.S. 667, 673-74 (1971).

6

However, the *Teague* Court announced two exceptions to the general rule of nonretroactivity. *Teague*, 489 U.S. at 305-10. "First, a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe. Second, a new rule should be applied retroactively if it requires the observance of those procedures that are implicit in the concept of ordered liberty." *Id.* at 307 (ellipsis, internal quotation marks, and citation omitted).

{15} We adopted the *Teague* standard in *Kersey*. 2010-NMSC-020, ¶ 25 ("[T]he *Teague* standard, which focuses on the function and purpose of the writ of habeas corpus, is the proper standard by which to determine whether new rules should apply retroactively to habeas corpus proceedings."). Therefore, under New Mexico law, "new rules generally should not be afforded retroactive effect unless (1) the rule is substantive in nature, in that it alters the range of conduct or the class of persons that the law punishes, or (2) although procedural in nature, the rule announces a watershed rule of criminal procedure." *Kersey*, 2010-NMSC-020, ¶ 25 (internal quotation marks and citation omitted); *see also Schriro v. Summerlin*, 542 U.S. 348, 351-53 (2004) (stating that a retroactively applicable new substantive rule "includes decisions that narrow the scope of a criminal statute by interpreting its terms").

7

{16}     On the other hand, procedural rules "regulate only the *manner of determining* the defendant's culpability" and may not alter "the range of permissible methods for determining whether a defendant's conduct is punishable." *Schriro*, 542 U.S. at 353. Procedural rules "generally do not apply retroactively [and] do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Id.* at 352.

{17}     In this case, we address only the first *Teague* exception adopted by *Kersey* because the parties do not argue that *Marquez* announced a watershed rule of criminal procedure. Petitioner argues that *Marquez* applies retroactively because its holding altered the range of conduct that felony murder punishes by changing the scope of the elements of the offense. Respondents disagree, arguing that *Marquez* did not change the substantive law regarding felony murder. Instead, Respondents contend that *Marquez* only announced a procedural methodology for determining whether a dangerous felony is a lesser-included offense of second-degree murder.

{18}     Generally, a felony with a purpose to "injure or kill" may not serve as a predicate felony in a felony murder conviction. *Marquez*, 2016-NMSC-025, ¶¶ 19, 24-25. Although the elements of felony murder remain the same, *Marquez* eliminated the possibility of using the crime of shooting at or from a motor vehicle

8

as a predicate felony. *Id.* ¶¶ 2, 19. *Marquez* therefore narrowed the range of punishable conduct that could support a felony murder conviction. We hold that this is a substantive rule and thus conclude *Marquez* is afforded retroactive effect. Accordingly, we evaluate the legal consequences of this conclusion on Petitioner's conviction.

## C. Effect on Petitioner's Conviction

{19} It is well settled that "a conviction under a general verdict must be reversed where it is based on more than one legal theory and at least one of those theories is legally, as opposed to factually, invalid." *State v. Mailman*, 2010-NMSC-036, ¶ 12, 148 N.M. 702, 242 P.3d 269. Petitioner argues that because the verdict and instructions were general and did not indicate which theory the jury used to reach its conclusion, the Court must conclude that the jury could have made the finding of guilt based upon felony murder.

{20} This Court has previously examined whether a conviction under a general verdict should be vacated. *Campos*, 2007-NMSC-021. In *Campos*, the defendant challenged his felony murder conviction because it was unclear whether the jury used aggravated battery or aggravated burglary as the predicate felony for his felony murder conviction. *Id.* ¶ 1. The *Campos* Court noted that the defendant's "conviction of felony murder would be legally void if the jury used aggravated battery with a

deadly weapon as the predicate felony" because "it is not possible to commit second-degree murder without also committing some form of aggravated battery." *Id.* ¶ 12. For that reason, under a fundamental-error analysis, the *Campos* Court concluded, "Error occurred at [the defendant]'s trial because one of the alternative bases for his conviction was legally inadequate." *Id.* ¶ 17.

{21} The *Campos* Court reaffirmed that "'a conviction under a general verdict must be reversed if one of the alternative bases of conviction is legally inadequate.'" *Campos*, 2007-NMSC-021, ¶ 19 (quoting *State v. Olguin*, 1995-NMSC-077, ¶ 2, 120 N.M. 740, 906 P.2d 731 (relying on *Yates v. United States*, 354 U.S. 298, 326-27 (1957), *overruled on other grounds by Burks v. United States*, 437 U.S. 1, 2, 18 (1978))).

{22} In addition, the *Campos* Court established that a reviewing court must evaluate whether it is "impossible to tell which ground the jury selected" when returning the guilty verdict. *Id.* (internal quotation marks and citation omitted). The *Campos* Court ultimately found fundamental error occurred at the defendant's trial and granted him a writ of habeas corpus. *Id.* ¶¶ 17, 22.

{23} In the present case, by applying *Marquez* retroactively, we have invalidated the theory of felony murder predicated on shooting at or from a motor vehicle. Because the parties provided the jury with a general verdict, we cannot conclusively

10

determine whether the jury relied on an invalid theory of felony murder when convicting Petitioner of first-degree murder. In other words, it is impossible for us to determine which theory of first-degree murder the jury selected. *See Campos*, 2007-NMSC-021, ¶ 19.

{24} Petitioner asks this Court to reduce his conviction to second-degree murder because "it is reasonable to assume that the jury indeed relied upon a felony murder theory of the case for rendering their verdict." Respondents in turn ask this Court to remand to the district court for a retrial on willful and deliberate murder. We note that the parties do not provide authority supporting their arguments regarding the proper remedy.

{25} For guidance, we look to *Campos*, 2007-NMSC-021, ¶ 17. The *Campos* Court noted that if the defendant had properly preserved the predicate felony issue by raising it on direct appeal rather than for the first time in a habeas petition—where the jury had not indicated which predicate felony was used to convict the defendant, *id*. ¶ 1—the *Campos* Court "would undoubtedly have vacated [the defendant's] conviction and remanded for a new trial." *Id.* ¶ 17.

{26} We also look to *State v. Downey*, in which this Court addressed "whether [the d]efendant [was] entitled to a new trial, or whether his conviction may be affirmed on the alternate theory of culpability under which the case was submitted to the jury."

2008-NMSC-061, ¶ 40, 145 N.M. 232, 195 P.3d 1244. Based on the prejudicial admission of improper expert witness testimony, the *Downey* Court concluded "that the general verdict must be reversed because it may have rested on an invalid legal basis." Accordingly, the *Downey* Court vacated the defendant's conviction and remanded the case to the trial court for a new trial. *Id.*

{27}     Therefore, because the theory of felony murder predicated on shooting at or from a motor vehicle is legally invalid, we vacate Petitioner's first-degree murder conviction under the general verdict and remand to the district court for a new trial.

**III.    CONCLUSION**

{28}     *Marquez* announced a substantive rule of law by narrowing the scope of punishable conduct underlying the crime of felony murder. *See Marquez*, 2016-NMSC-025, ¶¶ 2, 19. Petitioner's first-degree murder conviction must be vacated because it is impossible to determine whether the general verdict is based on the legally invalid theory of felony murder or on willful and deliberate murder. As a result, we set aside the district court's denial of Petitioner's habeas petition and remand this case for a new trial on the first-degree murder charge.[1]

---

[1]This opinion does not disturb Petitioner's convictions for attempted murder and shooting at or from a motor vehicle.

{29}    **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Justice**

**WE CONCUR:**

_____

**C. SHANNON BACON, Chief Justice**

_____

**DAVID K. THOMSON, Justice**

_____

**JULIE J. VARGAS, Justice**

_____

**BRIANA H. ZAMORA, Justice**

13