Gale, Adm'r of Maupin, v. Foss.

D. Q. GALE, ADMINISTRATOR OF J. B. MAUPIN, Defendant in Error, *v.* J. C. J. FOSS, Plaintiff in Error.

1. *Practice, civil — Exception — Amendment.*—Although defendant may except to the action of the court in striking out his answer, yet by afterward answering over he waives his right to avail himself of his exception.

2. *Practice, civil — Amendment, filing of, permission as to rests largely in the discretion of court.*—The filing of amended pleadings is a matter resting largely in the discretion of the court. And where an answer was sought to be filed after the impaneling of the jury and the hearing of plaintiff's case, which changed materially the whole aspect of the suit, and no reason appeared why it was not filed earlier, the Supreme Court would not interfere with the exercise of that discretion in the lower court in refusing to allow the amendment.

*Error to First District Court.*

*Lay & Belch*, for plaintiff in error.

*H. B. Johnson*, for defendant in error, referred to Dozier v. Jerman, 30 Mo. 218; Ferguson v. Hann. & St. Jo. R.R. Co., 35 Mo. 452; Allen v. Ranson, 44 Mo. 263; Hendricks v. Dexter, 35 Barb., N. Y., 97; Russell v. Conn, 20 N. Y. 81.

WAGNER, Judge, delivered the opinion of the court.

The point raised in this court, that the petition alleged two separate breaches on bonds and that the verdict should have shown the finding on each, was not taken in the court below, either by any pleading or by motion in arrest of judgment. The case was not treated as an action on a bond. The pleader evidently stated the substance of the bonds as matter of inducement, but the gist of the action was upon an amount found due on settlement. It was obviously upon this theory that the case was tried by both

parties. They proceeded to trial on this view, and the answers of the defendants were framed to meet this issue; and the objection as to the verdict can not now be entertained. The only ground of complaint is the ruling of the court in refusing to permit defendants to file their third amended answer. The original answer and the first amended answer had been stricken out, and a second amended answer was filed. It is true the defendants excepted to the striking out of these answers, but when they consented to answer over they waived their right to avail themselves of their exceptions. After a jury was impaneled and the plaintiff had presented his side of the case, the defendants asked leave of the court for permission to file their third amended answer. This permission the court refused. The answer sought to be filed changed materially the whole aspect of the case, and no reason is seen why it was not filed at an earlier stage in the proceeding. The filing of amended pleadings is a matter resting largely in the discretion of the court trying the case, and we are not prepared to say that this discretion was unsoundly exercised on the present occasion.

Let the judgment be affirmed. The other judges concur.