———o———

NATHANIEL HIGHLEY, Respondent, *vs.* MARY A. NOELL, Appellant.

51 145
41a 569

*Practice, civil—Demurrer, waiver, etc.*—A party failing to except on demurrer overruled, and answering over, cannot afterward raise the points involved in the demurrer, before the Supreme Court.

*Appeal from Perry Circuit Court.*

J. W. *Nicholson*, for Appellant.

*Robinson & Clardy*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The objection urged by the counsel for the appellant in his brief to the petition, and the action of the court in refusing

10—VOL. LI.

to have a jury empaneled on the trial, are not available. The petition contained two counts; the first was in the nature of a declaration at law for money had and received, and asked for judgment for the sum alleged to be due; the second count was equitable in its character, but did not conclude with a prayer for any relief.

On the trial no attention was paid to the count in equity, but the petition was treated as an action at law, and judgment given on the first court only: Undoubtedly the defendant had the right to demand a jury, and the refusal of the court to comply with the request would have been good ground for reversal, had not the point been expressly waived by an agreement filed in the cause. The error of the court in refusing defendant a jury is explicitly waived, and therefore it will not be further noticed. A demurrer was interposed to the petition, and also a motion to strike out a part of the same, both of which were overruled. But as no exceptions were taken to the ruling of the court, and the defendant thereafter filed an answer, there is no point saved in that regard for revision. The petition was good enough as a common law declaration, and certainly sufficient after verdict.

The evidence was admissible. The contents of the letters proved, showed that the proper diligence had been made in searching for the original, and that they were lost and could not be found.

It was entirely competent to show by parol evidence the real object and purpose of the assignment, and to whom the money rightfully belonged.

There does not appear to be any substantial error in the record and the judgment will be affirmed.

Judge Adams concurs. Judge Bliss absent·