——————O——————

JOHN H. WARE, Respondent, *vs.* WILLIAM JOHNSON, *et al.*, Appellants.

1. *Sheriff's deed—Statutory power—Imperfect execution of, equity will not aid.*— A sheriff in the sale of land acts in the exercise of a statutory power and where his deed contains a false description, a court of equity will not aid the deed, and pass the title. · The only remedy in such case is a proceeding to obtain a new deed in the court from whence the process issued.

2. *Land titles—Acts of ownership done bona fide—Possession—Trespass—Ejectment, etc.*—Where one does them in good faith, believing that he has valid title to certain land, acts such as, *e. g.*, cutting timber, etc., will constitute possession so that the real owner cannot maintain trespass, but must resort to his action in ejectment.

3. *Land titles—Title to a part of a tract—Cutting timber, etc., on remainder—Trespass.*—One having color of title to only a portion of a tract of timbered land, cannot take possession of the remainder by acts such as chopping fire-wood and saw logs and the like, so as to compel the owner to resort to his remedy by ejectment, but will be liable as a trespasser.

4. *Practice, civil—Demurrer—Answer waives.*—To bring an issue raised by demurrer before the Supreme Court, defendant must stand upon his pleading. By answering over he waives his demurrer.

5. *Trespass—Injunction.*—An action for trespass may embrace a prayer for injunction. (Wagn. Stat., 1029, § 4.)

*Appeal from Buchanan Common Pleas.*

*Vineyard & Chandler*, for Appellants, presented the following among other points :

I. Plaintiff could not combine in one count trespass for cutting and carrying away timber, and an action in equity, to restrain defendant from further trespasses. (Peyton vs. Rose, 41 Mo., 257; Jones vs. Moore, 42 Mo., 413 ; Henderson vs. Dickey, 50 Mo., 160; Curd vs. Lackland, 43 Mo., 139.)

II. An action of trespass is one for injury to the possession ; and plaintiff had none. He was endeavoring to test his title to land not in his possession by an action in trespass, which cannot be done. (Cochran vs. Whitesides, 34 Mo., 417 ; Draper vs. Shoot, 25 Mo., 197.)

III. Although the court might have regarded defendant's title as defective, still if possession was taken under it and held adversely to plaintiff, defendant ought to have been permitted to show the fact.

IV. The sheriff's deed ought to have been excluded. No surveyor, from the description contained in it, could tell where the land was.

*Allen H. Vories*, for Respondent.

I. Neither courts of equity nor courts of law can carry into effect the incomplete execution of statutory powers, nor reform sheriffs' deeds. (See Moreau vs. Detchemendy, 18 Mo., 522, 531; Moreau vs. Branham, 27 Mo., 351, 364 ; Hubble vs. Vaughn, 42 Mo., 138; Abernathy vs. Denny, 49 Mo., 468.)

II. There is no method known to the law by which his deed can be reformed, so as to make a good title to him ; neither can evidence in aid of it be admitted. (See King vs. Fink, 51 Mo., 209, 212.)

III. Appellants answering over, cannot avail themselves of any grounds alleged in their demurrer as to insufficiency of pleadings. (See Freeman vs. Camden, 7 Mo., 298 ; Wagn. Stat., 1036, § 19 ; Pickering vs. Miss. V. & N. Y. C. 47 Mo. 461.)

ADAMS, Judge, delivered the opinion of the court.

This was an action of trespass commenced in the Nodaway Circuit Court, and taken by change of venue to Buchanan county. The trespass complained of was for cutting timber on lot 2 of section 30, in township 65, of range 37, situated in Nodaway county, which the plaintiff alleged belonged to him. The defendants by their answer denied all the allegations of the petition, and alleged title in themselves to the land in dispute, under and by virtue of a sheriff's sale of the land as the property of Robert Russell. They alleged that the sheriff sold this identical land, but in his deed, by mistake, described the land as the north half of the west half of lot 2 of the south-west quarter of section 30, township 65, of range 37. They charge that the plaintiff took his title with full knowledge of the defendant's title and of the alleged mistake; and ask that the plaintiff be estopped from setting up claim to said land. That part of the answer, setting up the alleged mistake in the sheriff's deed, was on motion of the plaintiffs stricken out and the defendants excepted.

Both parties claim title under Robert R. Russell as the common source of title, and the evidence proved that Russell held the legal title by regular conveyances from the patentees under the United States. The plaintiffs claimed title under a sheriff's deed on a sale made on the same judgment against Russell, under an execution subsequent to that under which the defendants claim. The evidence showed that section 30 referred to, was divided into 11 lots, numbered consecutively from 1 to 11, and that there was only one lot in the section, numbered 2. It was also in evidence, that the land was only valuable for the timber, and was subject to overflow, and not suitable for cultivation. The defendants in the progress of the trial offered to prove that they took possession of the land by using it in connection with their farm for fire wood, and cutting timber for saw logs, and that they took such possession under the sheriff's deed under which they claim, and held it up to the commencement of this suit. This evidence at the instance of the plaintiffs was excluded, and the

defendants excepted. The defendants also offered their sheriff's deed in evidence, and offered evidence to prove the alleged mistake in the same, which were excluded; and also raised the same points by way of instructions on the trial. The case resulted in a verdict and judgment for plaintiffs. The defendant filed a motion for a new trial, saving the same points excepted to on the trial, which motion was overruled, and they have appealed to this court.

1st. A sheriff, in sales of land on execution, acts in the exercise of powers conferred on him by statute. His authority to make a deed is derived from the statute, and no court except the court under whose process he acts, can supervise his proceedings. If he actually levies on a particular tract of land and sells the same as levied on, and by mistake falsely describes the land in his deed, he may, under the supervision of the court issuing the process, make a new deed which will as to parties and privies and all purchasers with notice, relate to the time of the sale, and pass the title from that time. If the sheriff who made the sale becomes incapacitated to make the new deed, our statute provides that it may be made by another sheriff, and these provisions of the statute must be pursued, and furnish the only remedy in such cases. It is a well settled principle, which needs no illustration or citation of authorities, that a court of equity cannot aid the imperfect execution of a statutory power. The court therefore committed no error in striking out that part of the defendant's answer, and in excluding the evidence, and refusing the instruction in regard to the alleged mistake in their sheriff's deed.

2nd. But their deed as made covered one-fourth of the land in dispute, and on that ground it was admissible to show title in them to that part of the land. The evidence does not disclose whether the timber was cut on the part covered by the defendants sheriff's deed or not, and therefore they had the right to introduce this deed as a defense to the alleged trespass, and the court erred in excluding it.

3rd. When a party has the legal title to land not in the actual occupancy of another, he is presumed to be in the possession so

as to maintain trespass against a wrong-doer. So a party may under a deed only giving color of title, take such possession as a tract of land may be capable of, as for instance he may claim title and use the tract of the land for fire wood, saw logs, and in every other way that an owner of timbered land unfenced, may in connection with his farm. And such possession will be held to be an actual possession, and if invaded, he may maintain trespass or forcible entry and detainer as the case may be. (Chapman vs. Templeton, 53 Mo., 463; Fitch vs. Gosser, 54 Mo., 267.) But a wrong-doer without color of title cannot take possession in that way. It can only be done by one acting in good faith, believing that he has a good title, and when he is so in possession in good faith, the real owner must resort to his action of ejectment or other possessory action, and cannot maintain trespass against the person in possession. The only color of title the defendant had to this land was the sheriff's deed for one-fourth of it. They might be held to be in possession of that fourth by the acts of ownership they offered in evidence, if such acts were committed on that fourth; but they had no right to claim possession of that part of the lot outside of their deed, simply by cutting timber on the land. As their deed stood they had no pretense of any title to that part of the lot, and their acts as committed thereon, were simply acts of trespass for which they would be liable to the plaintiffs.

4th. The plaintiff in his petition asked for an injunction restraining one of the defendants from cutting timber on the land, alleging that he was wholly insolvent and threatened to continue the trespass, and that the land was only valuable for its timber. The defendants demurred to the petition on this account, but the demurrer was overruled, and they afterwards answered and proceeded with the trial. As the defendants did not stand on the demurrer, this point is not properly before us. A bill of exceptions is not the proper way to present a point raised by demurrer. The defendant must stand on the demurrer, to bring the point before this court; by answering over the defendants waived their demurrer; but if the point were properly here, I think it was decided rightly.

Our statute allows an injunction to protect the subject matter of litigation during the pending of the suit, and I can see no reason why it may not be claimed in the same petition. (See Sec. 4, 2 Wagn. Stat., 1029.)

Judgment reversed, and the cause remanded ; Judge Vories not sitting. The other judges concur.