DAVID A. ELY, Respondent, *vs.* JOHN L. PORTER, *et al.*, Ex'rs of W. T. PORTER, dec'd, Appellants.

1. *Practice, civil—Objections waived by answering over.*—By answering over, defendant waives any objections to the action of the court in striking out his previous answer. And this is true even when exceptions are saved at the time.

2. *Note—Suit on—Descriptio personæ.*—A note was made payable to A. B. "president," and was secured by a mortgage wherein he was described as "president of the bank at Kirksville:" *Held*, that suit on the note was properly brought in the name of A. B. individually.

3. *Practice, civil—Pleading—Variance, when immaterial—Affidavit as to.*—In suit on a note, the petition alleged a promise to pay to "David A. Ely," while the note was made payable to "D. A. Ely." No affidavit was filed, (Wagn. Stat., 1033, ∂ 1,) showing wherein defendant was misled. *Held*, that the variance was immaterial, and that having failed to make affidavit, he could not afterward complain.

*Appeal from Adair Circuit Court.*

*Ellison & Ellison,* for Appellants.

*H. F. Millan,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

This action was brought in the Adair Circuit Court to recover the amount charged to be due on five promissory notes alleged to have been executed by the defendant, William T. Porter on the 10th day of July, 1866, for the payment to the plaintiff of five hundred dollars each, and also to foreclose the equity of redemption in certain real estate which, it was charged, had been mortgaged to plaintiff by a deed of mortgage executed at the same time with the execution of the notes by the defendant, William T. Porter, and in which his wife, Albina Porter had joined and relinquished her dower to the premises therein named.

After the commencement of the suit and during its progress, the defendant, William T. Porter died, and John B. Porter, and John L. Porter his executors, were made parties to the action.

During the progress of the trial, the defendants filed an answer and two amended answers, each of which was de-

cided bad or insufficient by the court upon demurrer, or was stricken out on motion made by the plaintiff. After these several answers were rejected or stricken out, the defendants obtained leave of the court to file a third amended answer which was accordingly filed. By this last answer the defendants simply denied the execution by their testator of the several notes and the mortgage sued on as had been charged in the petition. This answer was not verified by oath.

On the trial the plaintiff introduced witnesses, by whom he proved the execution of the notes and mortgage sued on ; after which he offered to read the several notes in evidence. The defendants objected to the notes as evidence in the case on the ground that they were not such notes as were described in the petition. This objection was overruled by the court and the defendants excepted.

The plaintiff then offered to read in evidence the mortgage referred to in the petition, to the reading of which, the defendants at the time objected. The court overruled the objection and the mortgage was read in evidence. To this ruling of the court the defendants also excepted.

The defendants offered no evidence, and no instructions or declarations of law were asked or given on the part of either plaintiff or defendants.

The court found the issues for the plaintiff and rendered a judgment in his favor for the amount found to be due on the notes sued on, and also entered a judgment foreclosing the equity of redemption on the mortgaged premises and ordering the same to be sold for the payment of the judgment, etc.

The defendants then, in due time, filed their several motions for a new trial and in arrest of the judgment. These motions were severally overruled by the court, when the defendants again excepted and appealed to this court.

The first error complained of by the defendants is, that the court erred in striking out the defendant's second amended answer upon the motion of the plaintiff. It is sufficient to say in reference to this objection, that when the answer was

stricken out by the court, no exception was made or saved by the defendants to the ruling of the court in that particular; but on the contrary, the defendants obtained leave of the court to file another amended answer, which was afterwards filed and a trial had thereon. By answering over, the defendants waived their right to avail themselves of any supposed error committed by the court in striking out the previous answer. This would be the case even if exceptions had been saved to the action of the court at the time. But no exceptions were saved in this case; the defendants, acquiescing in the action of the court, obtained leave of the court to file an amended answer which was filed. By this the defendants waived their right to have the action of the court in striking out their former answer reviewed by this court. (Fuggle vs. Hobbs, 42 Mo., 537; Gale vs. Maupin, 47 Mo., 276.)

It is next insisted by the defendants, that the court erred in rendering judgment in favor of the plaintiff on the evidence. The ground of this objection is, that by the notes the testator of the defendants promised to pay to the order of the plaintiff, describing the plaintiff in the note as follows: " D. A. Ely, president;" and that in the mortgage, he was described as president of the bank at Kirksville, from which it is insisted, that the suit should have been in the name of the bank—the bank being the real party interested. This objection does not appear to be well founded. The mere fact that the word "president" was placed at the end of the plaintiff's name was not sufficient to show that the plaintiff was not the real party in interest. The notes were made payable to the plaintiff, and the legal title to the land described in the mortgage was conveyed to the plaintiff to secure the payment of the debts due by the notes, and the suit was properly brought in his name.

The only remaining point insisted on by the defendant is, that there was a variance between the notes as described in the petition and the notes read in evidence, and that the defendant's objection to the reception of the notes in evidence was therefore improperly overruled by the court. The vari-

ance insisted on is this: the petition in its caption, states the plaintiff's name to be David A. Ely, and that the defendant, by his promissory note, promised to pay to the order of plaintiff, etc.; while in the note it is stated, that the said William T. Porter "promised to pay to the order of D. A. Ely, etc." It will be seen that the variance between the petition and the notes read in evidence is, that the petition states that the promise was to pay to the order of plaintiff (David A. Ely); while in the note the promise is to pay to the order of D. A. Ely. This variance under our statute is not material. The statute provides, that no variance between the allegations in the pleading and the proof shall be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits; and that when it shall be alleged that a party has been so misled the facts shall be proved to the satisfaction of the court by affidavit showing in what respect he has been misled, and thereupon the court may order the pleading to be amended upon such terms as shall be just. (Wagn. Stat., 1033, § 1.)

It cannot be seen in the present case how the defendants were misled by the variance complained of. If they were misled they should have availed themselves of the remedy provided for them in the statute. Having failed to do so, they cannot now complain. (Fischer vs. Max, 49 Mo., 404; Turner vs. Chillicothe & D. M. C. R. R. Co., 51 Mo., 501.)

The judgment is affirmed; the other judges concur.