THE STATE OF MISSOURI *to the use of* SALINE COUNTY V. SAPPINGTON *et al., Plaintiffs in Error.*

1. State ex rel. Saline County v. Sappington, 67 Mo. 529, reaffirmed.

2. **County Treasurer's Bond**: COUNTY MUST SUE ON, FOR SCHOOL MONEYS. An action on the bond of a defaulting county treasurer to recover school moneys, is properly brought by the county in the name of the State to the use of the county. The statute (Wag. Stat., § 42, p. 1251) does not require it to be brought to the use of the county clerk.

3. **Defect of Parties**: PRACTICE. Where the defect of want of a proper party to the suit is patent on the face of the petition, if it exists at all, it can only be taken advantage of by demurrer. If after a demurrer raising that point is overruled, the defendant answers over, he thereby waives the point, and cannot raise it anew by the answer.

*Error to Saline Circuit Court..*—HON. WM. T. WOOD, Judge.

*G. G. Vest* for plaintiffs in error.

Wagner's Statutes, sec. 42, p. 1251, provides that *
*   " on the forfeiture of such (county treasurer's) bond, it shall be the duty of the county clerk to collect the same for the use of the schools in the various townships. If such county clerk shall neglect or refuse to prosecute, then any freeholder may cause such prosecution to be instituted." Section 43 requires the treasurer to settle each year with the county clerk, and to account to him for all school moneys received. These provisions naming the clerk, exclude the county, and nowhere is any authority given for the institution of such suit by the county court. Nor is it true that the county of Saline has the power to sue as trustee of an express trust. The county court has the care and management of the school fund, but the county has nothing whatever to do with it. The bond was not given to the county, but to the State for the benefit of the school township. Neither has the county any interest in the fund. It is administered by the county court purely in an administrative capacity, not as the agent of the county, but in the performance of a duty specifically devolved upon it by the laws of the State. *Ray Co. v. Bentley*, 49 Mo. 242; *Reardon v. St. Louis Co.*, 36 Mo. 555; *Township Board v. Boyd*, 58 Mo. 279. The suit should, therefore, have been brought to the use of the county clerk.

*Thomas Shackelford* for defendant in error.

SHERWOOD, C. J.—Action instituted in the Saline circuit court against Sappington, late county treasurer of Saline county, and the other defendants as his sureties upon an official bond for $20,000, executed November 12th, 1868. The bond was given to the State of Missouri for the safe keeping and disbursement of the school fund of Saline county, and was duly approved by the county court. On April the 4th, 1871, while Sappington was still county treasurer, the county court made an order requiring him

as treasurer, to execute an additional bond for $10,000 for the safe keeping and disbursement of the school fund, which bond was filed by Sappington on April the 7th, 1871, with new securities, and duly approved by the county court. This suit was instituted by the county after Sappington went out of office, to recover $3,115.71 on the first bond, from him and his sureties, for an alleged deficit of that amount of school money, and judgment was rendered against defendants for that amount.

I.   Relative to the point of defendants still continuing liable notwithstanding the execution of the second bond, we are still of the same mind as when deciding the case of the *State ex rel. Saline Co. v. Sappington et al.*, 67 Mo. 529. That case is decisive of this, in respect to the point referred to. We, therefore, rule that point against the defendants.

II.   In reference to the legal capacity of the relator to institute to its use the present action, we have this to say: The county of Saline is the trustee of an express trust in regard to all ordinary suits relating to the school fund of that county. Bonds, for instance, for money loaned, are required to be executed to the county to the use of the township to which the fund belongs, 2 Wag. Stat., § 82, p. 1258; and if any suit be brought on such bond, it is brought in the name of the county to which it is executed. But when a suit, as in the present case, is brought on a bond of an official given to the State for the faithful observance of his duties toward the school fund, there the action lies in the name of the State, to which the obligors have bound themselves, and the State is the trustee of an express trust. 2 Wag. Stat., § 3, p. 1000; *Meier v. Lester*, 21 Mo. 112. If it be true that suits on official bonds must be brought in the name of the State, it would seem of necessity to follow, that under the exigencies mentioned in 2 Wag. Stat., § 42, p. 1251, although the county clerk, or a freeholder, may prosecute a suit on the bond of the defaulting treasurer, yet it by no means follows that

such suit could be prosecuted in the name of the clerk, or freeholder, in total disregard of all known formulas of proper procedure. It has been expressly ruled in this State that in a suit on a note payable to the county to the use of a school fund, such suit is properly brought in the name of the county; *Barry Co. v. McGlothlin*, 19 Mo. 307; and in *Ray Co. v. Bentley*, 49 Mo. 236, it is held that while the county is not the owner of the school fund, yet the title thereof is vested in the county in order to effectuate the policy of the law concerning the appropriation and disbursement of that fund. If this be so, then it would appear peculiarly appropriate that the county should be relator in all actions where the State is, of necessity, a party in consequence of being the obligee in bonds given for the faithful performance of the official duties of the county treasurer in reference to school funds.

III. But if we concede that Saline county was not the proper relator, still this concession does not aid the defendants, and for this reason : If defendants were desirous of testing the question, they should have stood on their demurrer, since the alleged defect was patent on the face of the petition, and could only be taken advantage of by demurrer, and not by answer. 2 Wag. Stat., §§ 6, 10, pp. 10, 14, 15. When, therefore, the demurrer was overruled and defendants answered, they waived and abandoned whatever vantage ground they may have acquired by demurring; *Ware v. Johnson*, 55 Mo. 500; and could not raise the same question anew in their answer, in respect to a defect of parties. These considerations induce the affirmance of the judgment. All concur.

AFFIRMED.