The State of Missouri, to use of Knapp, Stout &
Company, Respondent, v. John Finn et
al., Appellants.

**St. Louis Court of Appeals, November 24, 1885.**

1. Practice—Pleading—Waiver—Demurrer—Appellate Review.
A defendant who has filed special pleas in addition to a plea of the
general issue, to which special pleas demurrers have been sus-
tained, does not, by going to trial on the general issue, waive his
right to have the court's action upon the demurrers reviewed.

2. ———— Exceptions.—A demurrer is a part of the record, and no
exception to the action of the court thereon is necessary to save the
question for review on appeal.

3. ———— Statute of Limitations.—A demurrer to a plea of the
statute of limitations admits that the cause of action did not accrue
within the time alleged.

Appeal from the St. Louis Circuit Court, George
W. Lubke, Judge.

*Reversed and remanded.*

E. T. Farish, for the appellants.

G. M. Stewart, for the respondent.

Rombauer, J., delivered the opinion of the court.

This is an action upon a sheriff's official bond against
him and his sureties. The petition sets out the election of
the sheriff, and his qualification, November 29, 1878; the
bond sued on, which is a second bond given by the
sheriff during the same official term, and bears date
December 27, 1879, and the breach of the bond which
consists of the sheriff's failure to pay over proceeds re-
alized by him from the sale of attached property, to the
plaintiff, upon order of the court.

It appears from the petition that the property was
attached about December 11, 1878, and sold thereafter,

and that the sheriff was ordered by the court to pay net proceeds in his hands to the plaintiff June 4, 1883, and failed to do so. The present suit was instituted September 20, 1884.

The defendants answered separately. The answer of defendants, Scott, Daley and Morrison, sureties, sets up as defences : (1) The general issue ; (2) conversion of the money by the sheriff prior to the time that they became sureties ; (3) the statute of limitations of three years. The other defendants filed similar pleas.

The plaintiff demurred to the second and third defences and the demurrer was sustained by the court. The parties thereupon, without any re-pleading, went to trial on the remaining issue, which was found in favor of the plaintiff, and judgment rendered accordingly.

The action of the court, in sustaining these demurrers, is assigned for error. The respondent claims that that matter is not here for review, because the defendants failed to except to the action of the trial court in the premises, and have furthermore waived the error, if any there be, by abandoning the second and third issues, and going to trial on the first alone.

There was no necessity of saving any exceptions to the ruling of the trial court in sustaining the plaintiff's demurrers. Demurrers are part of the record and the action of the court thereon, if improper, is matter of error, as distinguished from matter of exception. *Bateson v. Clark*, 37 Mo. 34 ; *The State v. Matson*, 38 Mo. 490 ; *Peltz v. Eichele*, 62 Mo. 178 ; *The State v. Griffith*, 63 Mo. 548.

Nor can the fact that the defendants went to trial on the general issue, being their only remaining defence, operate as a waiver of the two other defences. Under our practice there can be only one final judgment in any cause, and the defendants were necessarily compelled to wait until the remaining issue was disposed of, before they could seek a review of the court's action in sustaining the plaintiff's demurrers to parts of their answer. The cases cited by the respondent

in support of the contrary view have no application. *Highley v. Noell*, (51 Mo. 145), and *Ware v. Johnson* (55 Mo. 500), were cases in which the defendant's demurrers to the petition were overruled, and they answered over ; so was the case of *The State v. Sappington* (68 Mo. 457), while the case of *Ely v. Porter* (58 Mo. 158), was one where the defendant answered over after his answer was stricken out. In each of these cases the parties might have stood upon their demurrers and answers respectively, at the time when the court ruled adversely to them, because their pleadings respectively went to the whole of the cause. They concluded not to do so, but pleaded over and by so doing, as the court held, waived respectively their demurrers and answers. Here the defendants could not let judgment go, because, after the plaintiff's demurrers were sustained, the remaining defence of the general issue had to be disposed of by trial before judgment could go. They had to wait till final judgment, before they could obtain a review of the action of the court on the plaintiff's demurrers. Immediately after such final judgment they sought such review by motion for new trial.

We must hold, therefore, that the propriety of the action of the court in sustaining these demurrers, is properly before us for review.

This being the case, the question arises, did the court err in sustaining these demurrers, and, if so, was the error prejudicial to the defendants' rights ? It will be seen that the allegations of the plaintiff's petition were first denied, and then the statute of limitations of three years interposed as a special defence, by all the defendants.

The statute of limitations was well pleaded, and the fact that the cause of action did not accrue within three years, stands admitted by the demurrer. If the fact is as thus admitted the defendants are entitled to judgment.

The trial court evidently lost sight of the fact, that the facts stated in the plaintiff's petition were denied by

·all the defendants, and that the plea of the statute of limitations did not admit them. It proceeded on the theory that the facts stated in the planitiff's petition, if true, would tend to show that the cause of action did .accrue within three years. Under the pleadings as framed it had no right to proceed on that theory, and its so doing was error. The demurrers should have been ·overruled.

We must also find that this error was prejudicial to the defendants' rights. The defendants by the action ·of the court were deprived of the opportunity of substantiating their defences by proof upon the trial. The argument now advanced by the plaintiff that it is exceedingly improbable that they could have substantiated them, is no answer.

We believe that a just regard for established rules, deemed essential for the proper administration of justice, demands that a judgment, obtained under such circumstances, should not be affirmed on the broad and often dangerous ground that it was presumably for the right party.

The judgment is reversed, and the cause remanded for further proceedings in conformity with this opinion. All the judges concur.