HAUGHEY LIVERY AND UNDERTAKING COMPANY, Respondent, v. JOHN G. JOYCE *et al.*, Appellants.

St. Louis Court of Appeals, May 20, 1890.

1. **Pleadings:** WAIVER BY ANSWER. An objection to a petition on the ground that the suit was brought directly in the name of a person as plaintiff, instead of being brought in the name of the city of St. Louis to the use of such person, is waived by answer to the petition, notwithstanding that a demurrer to the petition on that ground was previously filed by the defendant and overruled by the court. A defendant can only preserve such an objection by standing on a demurrer assigning it.

2. **Practice, Trial:** VARIANCE. If a petition alleges that plaintiff was about to erect a building on a lot of land and employed the defendant, a city surveyor, to survey the lot for the purpose of ascertaining the boundary lines thereof, and its depth below the grade of the street, and the proof shows that the defendant was employed to furnish plaintiff with a conventional grade in use for the erection of buildings, to-wit, a grade nine inches above that of the street, this constitutes simply a variance, and not a failure of proof.

*Appeal from the St. Louis County Circuit Court.*
HON. W. W. EDWARDS, Judge.

AFFIRMED.

*Martin, Laughlin & Kern,* for appellants.

*J. J. McCann,* for respondent.

BIGGS, J.—This is an action on the official bond of the defendant John G. Joyce, one of the surveyors for the city of St. Louis. The other defendants signed the bond as sureties. The bond is for the penal sum of fifteen thousand dollars, and was made payable to the city of St. Louis, and conditioned for the faithful discharge by Joyce of the duties imposed upon him by law as such surveyor. The petition, after stating the appointment of Joyce, as one of the city surveyors, and the terms and conditions of the bond, alleged his employment by the plaintiff in the following language: "And plaintiff for its cause of action states that in October, 1886, aforementioned, being about to erect a large and costly stable building on its lot of ground on the south side of Easton avenue east of Sarah street in city block number 3732 of said city of St. Louis, plaintiff, through its chief officer Mr. Haughey, whom it authorized for that purpose, employed defendant Joyce to survey said lot for the purpose of ascertaining east, west, north and south line thereof, and its depth below the grade of Easton avenue, on which the lot fronted. * * * That, through his ( Joyce's ) negligence, incompetency and misconduct, he located the east line of the lot two inches west of its true location in the front of the lot, and eleven and one-half inches east of its true location in the rear end of the lot ; that he located the west line of the same three and one-half inches west of its true location in the front, and five inches east of its

true location in the rear end of the lot ; that through his further negligence, incompetency and misconduct he mislocated the depth of said lot below the grade of Easton avenue on which it fronted, to the extent of ten inches, by which plaintiff was led to believe its lot was ten inches higher than was the fact." The plaintiff then averred that he erected a two-story, brick building in conformity with the survey, by reason of which it was greatly damaged.

The defendants demurred to the petition on the ground that it failed to state a cause of action. The court overruled the demurrer and the defendants filed an answer tendering the general issue. The cause was submitted to the court without the aid of a jury, and the finding was for the plaintiff in the sum of five hundred dollars, and judgment was entered accordingly. From that judgment the defendants have prosecuted this appeal.

At the close of the evidence the court, at the instance of the plaintiff, gave the following instruction :

" The court instructs the jury that, if they find and believe from the evidence that defendant Joyce was, during the month of October, 1886, a qualified and acting city surveyor of the city of St. Louis, and that he and defendants Higgins, Slattery and John P. Mullaly, since deceased, executed the bond mentioned in the petition ; that in the said month of October, 1886, defendant Joyce, as such surveyor, was employed by plaintiff or its duly authorized officer to survey and plat the lot mentioned in the petition for plaintiff, to ascertain the true boundaries and proper grade of said lot, for the purpose of building thereon ; that said Joyce accepted said employment, and that, in making said survey, either by himself or another person appointed by him to act for him, [ he ] so negligently or unskilfully made said survey as to mislocate the east and west boundary lines of said lot, and to designate materially

incorrect and erroneous grades for the north line of said lot at its eastern and western corners, and that plaintiff, relying on said survey and the plat thereof, made by said Joyce and given in evidence, erected its buildings, following the boundary lines and grades given in said plat, and that, thereby, plaintiff, relying on said plat, erected said buildings partially on lands not owned by plaintiff, both on the east and west of its own land, and and further erected said buildings below the proper grade of said lot; and if it further appear that in consequence thereof the said buildings were rendered wholly or partially valueless to plaintiff for the purposes for which they were erected, or that they are so located and built in consequence thereof as to be wholly and partially unfitted for the purposes for which they were erected, and could not be changed to adapt them to such purposes without great time, trouble or expense to plaintiff, then the jury must find for the plaintiff against all of the defendants, provided they further find from the evidence that John G. Mullaly, one of the parties to the bond sued on, has died since the execution thereof, and that defendants Clardy and Halpin are his executors, and shall award such damages as they find and believe plaintiff has suffered."

The defendants duly excepted to this declaration of law.

At the instance of the defendants the court gave the following declarations of law:

"1.   The court, acting as a jury, declares that, before the plaintiff can recover in this action, it must prove to the satisfaction of the court that defendant Joyce was city surveyor when the survey in question was made; that said Joyce made said survey or that he superintended the making of it, or authorized the making of it as his survey; that said survey was erroneous and was so because of the neglect, incompetency or misconduct of defendant Joyce, or his representative, in

making such survey. And the court further instructs the jury, that if such error in respect to said survey was the result of an honest mistake, and was not due to the negligence, incompetency or misconduct of said Joyce, or his representative, such mistake will not entitle the plaintiff to recovery in this action.

"2. If the court, acting as a jury, believe from the evidence that the building erected by the plaintiff was not located upon the survey made by the defendant or his deputy for plaintiff, or was not constructed in respect to location or grade according to the survey furnished by defendant Joyce, then its finding must be for defendant.

"3. If the court, acting as a jury, find for the plaintiff, they (it) should allow and assess only actual damages suffered by plaintiff, and such damages must have happened in consequence of an erroneous survey made or authorized by defendant, as indicated in instruction number 1, given for defendant."

I. The first contention of the defendants is that the action was improperly brought in the name of the plaintiff. The ground of the objection is to be found in section 43 of the charter of the city of St. Louis (Revised Statutes, 1889, section 43, page 2110), which provides that all city officials, when so required by law or ordinance, shall give bond to the city, in such sum as shall be designated, for the faithful performance of their respective duties. For any breach of the conditions of such official bonds, the charter provides that " suit may be instituted thereon by the city, or by any person in the name of the city of St. Louis for the use of such person or persons." This alleged defect of parties was raised by the defendants on their demurrer. The demurrer was overruled, and the defendants filed an answer and went to trial on the merits. The question is whether this action amounted to a waiver of the objection. The rule is that, if the defect of parties is

patent on the face of the petition, it can only be taken advantage of by demurrer. If the demurrer in such a case is overruled, and the defendant desires to test the question on appeal or writ of error, he must stand on his demurrer. If he answers over, he thereby waives the point, and cannot raise it again in any manner. *State to use, etc., v. Sappington,* 68 Mo. 454 ; *Ware v. Johnson,* 55 Mo. 500 ; *Highley v. Noell,* 51 Mo. 145 ; *Ely v. Porter,* 58 Mo. 158 ; *Mississippi Planing Mill v. Church,* 54 Mo. 520. The defendants are, therefore, precluded from insisting on the objection in this court. But it may not be amiss for us to say that we think the suit was properly brought, without entering into a discussion of the provisions of the "Scheme and Charter," and the act of the legislature, approved March 25, 1872, concerning the appointment of city surveyors, and the remedies afforded private individuals for damages sustained by reason of negligence or malfeasance in office of such officials. We will, therefore, rule this objection against the defendants.

II. It is now claimed by the defendants that the plaintiff sued on one cause of action, and the court permitted it to recover upon an entirely different cause of action, in this, that the petition alleged the employment of Joyce to survey plaintiff's lot for the purpose of ascertaining its depth below the grade of Easton avenue, whereas on the trial the plaintiff attempted to prove that Joyce was employed to furnish it with a conventional grade about nine inches above the grade of the avenue, which builders had adopted as a suitable and necessary elevation for the erection of buildings. The defendants urge that this departure in the evidence from the allegations in the petition was not a simple variance, but must be regarded as an absolute failure of proof. Section 3702, Revised Statutes, 1879, reads as follows : "Where the allegation of the cause of action or defense to which proof is directed is unproved, not

in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance, but a failure of proof." We will assume that the plaintiff introduced substantial evidence in·proof of the fact that Joyce was employed to survey the particular lot mentioned in the petition, and to ascertain for the plaintiff the depth of the lot below the. customary builder's grade. The petition averred that he was to ascertain the depth of the lot below the grade of the avenue. Would this variance amount to a failure to prove plaintiff's cause of action in its entire scope and meaning? We think not. If the proof had shown the actual survey of a different lot from that mentioned in the petition, then there would have been an entire failure of proof within the meaning of the statute. We have several decisions by the supreme court and this court, construing and illustrating this statute. When a petition avers the sale of goods, a recovery cannot be had on a state of facts, which would constitute a trespass *de bonis asportatis*. *Link v. Vaughn*, 17 Mo. 585. If a party sues for obstructing the flow of surface water, he cannot recover for the obstruction of a running stream of water. *Field v. Railroad*, 76 Mo. 614. Many other cases could be cited, but we deem those referred to sufficient to indicate the true meaning and purport of this statute, as contradistinguished from a case of simple variance between the allegation and the proofs. The plaintiff's instructions directed a recovery, if Joyce had failed to ascertain the proper grade for building purposes, meaning by "proper grade," the "customary builder's grade." This instruction is correct, provided there was substantial evidence adduced that Joyce was employed for that purpose. We gather from the evidence of Mr. Haughey, the plaintiff's manager, that he told Joyce that the plaintiff intended to build a livery stable, and that he wished him to ascertain the grade of the lot for that purpose

The testimony of Mr. Haughey bearing directly on the subject is as follows: "*Q.* Do you say you employed Mr. Joyce to survey the lot? *A.* I do.

"*Q.* What did you tell him was your object? *A.* I told him I wanted to build a stable on the property.

"*Q.* And what were the particulars of the employment? What were the services to be rendered by him? *A.* The service was to survey my lot, give me the corners and proper grade to build on.

"*Q.* Did Mr. Joyce proceed to do that? *A.* Yes, sir.

"*Q.* Did he render you the result in any form? *A.* He did; he gave me a plat of the survey. * * *."

After the building was completed, and it was ascertained that it was below the builder's grade, Haughey had an interview with Joyce, concerning which Haughey testified as follows: "Well, I went there to Mr. Joyce and told him I would like him to send some person out there to see who was at fault. I think this young man behind you went out there, and told me the survey was all right, and the curb-stone line was all right. I wanted to know how I was so low; he said possibly they had raised the street. I asked him to ascertain the fact; he took his level in the street and told me they had raised the center of the street six inches, and he went off. I saw that I could get no satisfaction, as Mr. Joyce told me the next day that the city had raised the grade, or changed the grade, and that the easiest way was to have them lower the curb-stone in the front, and it would be the easiest for me. I afterwards employed Mr. Pitzman to find out where the fault really was, and my attorney notified Mr. Joyce of the fact that I had it surveyed and found I was not only below grade, but that I wasn't on my own lot. Mr. Joyce sent the little gentleman behind you, if I mistake not, to come out and make another survey, and in the course of the

survey he admitted to me there had been a mistake made, that he couldn't account for it, how it was done," etc.

This evidence shows that Haughey understood that Joyce was to furnish him with a suitable grade for building purposes, and his subsequent interview with Joyce tends to prove that Joyce himself so understood his employment, because he undertook to account for the fact that the plaintiff's building was below a proper grade by asserting that the city had changed the grade of the street. The plaintiff's instruction is challenged on no other ground; no complaint is made because it fails to furnish a proper rule for ascertaining the damages. We will have to decide the question presented by this assignment adversely to the defendants.

III. The court instructed that Joyce was not responsible for an honest mistake. The defendants, by their instructions, submitted this question to the court sitting as a jury as one of fact, but what state of facts would constitute an honest mistake by Joyce is nowhere stated in the instructions. The court evidently found that the mistake was not an honest one, but just upon what theory it arrived at this conclusion is a matter of conjecture. The defendants, however, contend that there is no evidence that the mistake was not an honest one. Joyce testified that he was only employed to ascertain the depth of the lot below the grade of the avenue. He claims to have done this, and to have marked on the plat, which he made and gave to the plaintiff, the fill necessary to bring the lot up to the required grade. An inspection of the plat indicates the depth of the lot below the grade, and the fill necessary to bring the lot to grade, but there is nothing on the map by which it can be determined whether street grade or builder's grade was meant. On the other hand, Haughey swears that he told Joyce at the time he employed him that the plaintiff intended to build a

livery stable on the lot, and that he wished him to survey the lot and ascertain the proper grade to build on. If Haughey's testimony is to be credited, then the finding of the court that Joyce's failure to perform the work according to contract was attributable to negligence rather than to an honest mistake must be upheld. We will have to rule this assignment likewise against the defendants.

IV. The view taken of the foregoing assignments dispenses with the consideration by us of the fourth and last point made in defendant's brief, except that it may be stated that the evidence tended to prove the averments in the petition concerning the erroneous survey of the boundaries of the lot. Plaintiff also introduced evidence to the effect that the building was located according to the stakes of the Joyce survey, and that, after the building was erected, it was ascertained that portions of it extended, at different places, on the adjoining lots. We recognize the fact that perfect accuracy in measurements is not usually attained, and ought not to be expected in any case, but in this case, if the plaintiff's livery stable was constructed according to the survey, we would not be authorized to hold that Joyce was not at fault for negligence in locating the boundaries of plaintiff's lot.

The judgment of the circuit court will be affirmed. All the judges concurring, it is so ordered.