BERTHOLD *et al.* v. O'HARA, *Appellant.*

Division Two, March 13, 1894.

1. **Practice:** PARTNERSHIP: COUNTERCLAIM. An unsettled partnership account between plaintiff and defendant can not be pleaded as a counterclaim to an action at law.

Berthold v. O'Hara.

2. ———: REFEREE'S FINDING: SPECIAL VERDICT. Findings of a referee in an action at law are regarded as a special verdict and will not be disturbed if there is any evidence to support them.

3. ———: DEPOSITION: CONTRADICTING WITNESS. An entire deposition can not be read in evidence regardless of its relevancy for the purpose of contradicting a witness.

4. ———: EXCLUSION OF EVIDENCE, REVIEW OF. A party offering evidence which has been excluded should state its materiality in order to have the ruling reviewed by an appellate court.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Campbell & Ryan* for appellant.

(1) The court erred in sustaining the demurrer to defendant's answer. Plaintiff's causes of action being upon a contract under the second subdivision of section 2050, Revised Statutes, the causes of action pleaded by the defendant were proper counterclaims, and in view of the construction put upon section 2050 by this court, and upon similar sections in other states, the case of *Leabo v. Renshaw*, 61 Mo. 292, and cases which it followed, were improperly decided, and should be overruled. The case of *Jones v. Shaw*, 67 Mo. 667, rests on that of *Leabo v. Renshaw*, 61 Mo. 292, and the latter was decided upon *Ives v. Miller*, 19 Barb. 196, which is in conflict with the earlier case of *Gage v. Angel*, 8 How. Prac. 835 approved in *Wadell v. Darling*, 51 N. Y. 327. "The statute allowing counterclaims was designed to prevent multiplicity of suits. It should be liberally construed, and the rules respecting its application are constantly broadening." *Kamerick v. Castleman*, 23 Mo. App. 481. To the same effect, that our counterclaim is very comprehensive, and is constantly receiving a broadening interpre-

tation, and should be liberally construed to the end
that controversies between the same parties can be
adjusted in one proceeding, see *Ritchie v. Hayward*,
71 Mo. 560; *McAdow v. Ross*, 53 Mo. 199; *Hay v.
Short*, 49 Mo. 139, 142; *Garden v. Bruner*, 49 Mo. 570;
Waterman on Set-Offs, sec. 24, p. 25. (2) The court
erred in overruling the fourth, fifth, sixth, tenth,
eleventh, twelfth and fourteenth exceptions to the
report of the referee. (3) The rule of law as to the
proof to partnership *inter sese* is well established.
Whether it is a partnership, is a question of intention
upon the part of the alleged partners, and this inten-
tion must be shown by the evidence. *Donnell v.
Harshe*, 67 Mo. 170; *McDonald v. Matney*, 82 Mo. 358-
365; *Schaefer v. Blair*, 149 U. S. 248. Lindley on
Partnership, page 10: "Persons can not be made to
assume the relation of partners as between themselves,
when their purpose is that no partnership shall exist."
*Company v. Drennon*, 116 U. S. 461-472. (4) It is
settled law, that if one partner wrongfully carries
money belonging to the other to the joint account, an
action at law lies for money it received. *Smith v.
Barrow*, 2 T. R. 476; 2 Starkie's Evidence, 592;
Collyer on Partnership [Perkins' Ed.], sec. 268; Par-
sons on Partnership [2 Ed.], sec. 274, page 286; Lind-
ley on Partnership [Ed. 1888], 564.

*Kehr & Titmann* for respondents.

(1) An unsettled partnership account can not be
pleaded as a counterclaim. *Wright v. Jacobs*, 61 Mo.
19; *Leabo v. Renshaw*, 61 Mo. 292; *Jones v Shaw*, 67
Mo. 667; *Young v. Chew*, 9 Mo. App. 389; *State ex rel.
v. Eldridge*, 65 Mo. 584. One partner can not be said
to be indebted to his copartner on partnership ac-
count until there has been a settlement of the copart-

Berthold v. O'Hara.

nership affairs. *Leabo v. Renshaw*, 61 Mo. 292; *Young v. Chew*, 9 Mo. App. 389; *Ross v. Carson*, 32 Mo. App. 148. (2) The filing of the second and third amended answers waived the objection and exception to the action of the court in sustaining the demurrer to the counterclaim pleaded in the first amended answer. *Ely v. Porter*, 58 Mo. 158; *Gale v. Foss*, 47 Mo. 276; *Fuggle v. Hobbs*, 42 Mo. 537; *Roberts v. Ins. Co.*, 26 Mo. App. 92; *Scoville v. Glasner*, 79 Mo. 449; *Williams v. Railroad*, 112 Mo. 463. (3) The report of the referee is equivalent to a special verdict, and if there is evidence tending to establish the facts as found, it will not be disturbed. *Ferry Co. v. Railroad*, 73 Mo. 389; *Chew v. Ellingwood*, 86 Mo. 260; *Lingenfelder v. Co.*, 103 Mo. 578. (4) A partner is a trustee and the same rules and tests are to be applied in determing his liability to his copartner as are applied to other trustees. The mill rebuilt by appellant, behind the back of respondents, during the existence of the partnership and in the line of its business, and in part with partnership funds, is partnership property. *Pomeroy v. Benton*, 57 Mo. 531; *Mitchell v. Reed*, 61 N. Y. 123; Lindley on Part., chap. 2, book 3, p. 303. Parsons on Part. [4 Ed.], secs. 153, 158, and notes; Story on Part., secs. 174-178; Bates on Part., secs. 303, 304. (5) Objections to the admission or exclusion of evidence must be specifically stated. The grounds or reason for the objection must be stated. *Railroad v. Moore*, 37 Mo. 338; *State v. West*, 95 Mo. 140-149. The evidence was immaterial, and therefore properly excluded. R. S. 1889, sec. 2303; *Gordon v. Eans*, 97 Mo. 587-603; *Seligman v. Rogers*, 113 Mo. 642.

GANTT, P. J.—In September, 1888, the respondents, Berthold and Jennings, brought suit against the appellant, Henry O'Hara, in the circuit court, city of

St. Louis, upon a petition containing two counts. The first count is for lumber sold and delivered by plaintiffs to defendant at his special instance and request, between the twenty-sixth day of August, 1887, and the sixteenth day of February, 1888, amounting to $3,647.76. The second count is for a draft or bill of exchange for $2,500, accepted by plaintiffs at the request and for the accommodation of defendant, and discounted by him for his benefit, and paid by plaintiffs on the eighteenth day of August, 1888.

Defendant, on the fifteenth day of January, 1889, filed an amended answer setting up, by way of counterclaim, the unsettled account of certain partnership transactions between himself and plaintiffs, and praying an accounting. Plaintiffs demurred to the counterclaim so pleaded, for the reason, among others, that the facts averred did not constitute a counterclaim, and the court sustained the demurrer. On March 14, 1889, defendant filed his second, and on February 12, 1891, his third, amended answer. The issues in the case were made and tried upon the petition and the third amended answer, which is identical with the second amended answer, except in the last paragraph.

The court below having held upon the demurrer to the counterclaim, that the unsettled partnership account could not be pleaded as a counterclaim in this cause, O'Hara, on March 13, 1889, brought suit against Berthold and Jennings in the circuit court, city of St. Louis, for an accounting in respect to the matters pleaded as a counterclaim in the said amended answer, and having done so, he filed, on the following day, in the cause at bar, his second amended answer. He pleaded four counterclaims, consisting ostensibly of individual transactions between himself and respondents, but made up, in point of fact, as the evidence

subsequently showed and the referee found, of matters constituting part of the partnership account.

The cause was referred to Rudolph Schulenburg, Esq., who heard the evidence and filed his report on the seventeenth day of June, 1891. He found for the plaintiffs on each of the two counts of the petition, and found against the defendant and for the plaintiffs on each of the answers. The report is found in the record. There was evidence tending to support each finding of facts by the referee. His findings of facts and conclusions of law were reviewed by the circuit court upon defendant's exceptions to his report and were sustained throughout.

The referee found specifically that the subject-matter of the two counts of the petition did not arise out of, and did not in anywise appertain to, the partnership transactions between the appellant and respondents, but were separate and distinct transactions in nowise connected with the joint account. The correctness of the referee's finding on the two counts of the petition is not questioned here, no point being made thereon either in the brief or argument of appellant.

Appellant's first and second counterclaims arise out of the same matter, i. e., the rebuilding of the last "East Union Mill" and the shipment of lumber from the same between the date of its completion and the date of its sale in 1886.

The partnership of respondents and the appellant in the handling of long leaf pine began in November, 1879, and ended, so far as new transactions are concerned, with the sale of the above mill on July 15, 1886. Among the partnership property owned and operated by them was the saw mill now known as the "East Union Mill," which burned down several times, the last time in December, 1885. It was rebuilt in the spring of 1886 and the price realized by its sale on

July 15, 1886, is the subject of appellant's second counterclaim, and the lumber shipped from it between May 1 and July 15, 1886, is the subject of appellant's first counterclaim.

The facts in regard to those two counterclaims are specifically found by the referee and are set out, with his conclusions thereon. It is conceded that the mill which burned down in December, 1885, as well as its predecessor, was partnership property, operated on partnership account. Appellant was anxious to rebuild it, respondents were not. The schemes suggested as conditions upon which respondents would consent to rebuild fell through; whereupon, in March, 1886, and during the existence of the partnership, appellant, with the knowledge of respondents, began to rebuild the mill on a site, the title to which, by virtue of a timber right, was the respondents' for the joint account. The counterclaim admits that appellant used in the construction of the mill, an engine and boiler valued at $1,500 and belonging to joint account; and the evidence shows that he drew on respondents for the cost of repairing certain machinery that went into the mill; that respondents paid the draft and charged it to joint account; that the mill retained the name "East Union Mill;" that it was completed shortly before the first of May, 1886, but that respondents did not become aware of it, until some time thereafter; that from May 1 to July 15, 1886, appellant shipped lumber from the mill, which was received by respondents and placed to the credit of joint account; that the lumber was sawed in part from logs belonging to joint account or cut on its timber rights. A trade for the mill, begun by appellant with Nalty at Brookhaven, was completed and consummated by appellant and respondents in the office of the latter, in the city of St. Louis, the title papers being executed by respondents, and the notes

for the purchase money taken in their name, but for the benefit of joint account, in the presence and with the assent of appellant. The notes were payable in lumber for the proceeds of which, when received and sold, the joint account was given credit. Respondents insured the property for joint account until the notes were paid. In March, 1887, appellant rendered respondents a statement of the cost of rebuilding the mill. The referee found that the mill and the lumber shipped from it to the date of its sale were partnership property.

The third and fourth counterclaims are for two shipments of flour and provisions, made to Nalty in the course of his numerous dealings, between 1879 and 1887, with the joint or partnership account in question. The only difference between these two shipments, and the many other shipments made to Nalty by the joint account, is that the appellant claims to have paid for the goods shipped. He instructed Nalty to credit respondents, for the joint account, with each of these two shipments, and instructed respondents to charge Nalty with them, all of which was done. His complaint is that in the account between themselves, respondents credit these shipments to the joint account instead of crediting the account of Henry O'Hara, the effect of which, he claims, is to give him credit in the account with his copartners for only one-half the amount to which he is entitled. If so, respondents claim the matter must be rectified in the statement of the copartnership account, to which it belongs, and the referee so found.

Respondents did not read any portion of the Mississippi deposition in evidence. The deposition in question is the deposition of appellant taken in a suit in Mississippi. In the course of his cross-examination as a witness in the case at bar, and for the purpose of

impeaching him, respondents, having first shown him the deposition and he having admitted his signature to the same, read to him separately two questions and answers, and asked him whether in answer to such questions he had made the answers so read. The witness said that he did not remember having made such answer; thereupon respondents dropped the matter and did not read or offer to read in evidence any portion of said deposition. Later on appellant offered to read the whole deposition in his own behalf, whereupon the referee excluded it.

I. The first assignment of error pertains to the action of the trial court in sustaining the demurrer to defendant's amended answer, setting up by way of counterclaim the unsettled account of certain partnership transactions between himself and plaintiffs and praying the accounting. It is conceded by defendant that previous adjudications of this court have ruled that an unsettled partnership account can not be pleaded as a counterclaim. *Wright v. Jacobs*, 61 Mo. 19; *Leabo v. Renshaw*, 61 Mo. 292; *Jones v. Shaw*, 67 Mo. 667. But he asks that those cases be reviewed and overruled, and we are cited to the decisions of other courts, permitting unsettled partnership accounts, as counterclaims; but this question was authoritatively settled by this court nearly twenty years ago, and has become a settled rule of practice and we are not disposed to open anew the discussion. The certainty of the law is its chief security.

The circuit court having followed those decisions of this court, its judgment in that respect is affirmed. But if this were not so, defendant is not in a position to raise that question in this case. By pleading over and tendering new and different defenses, he waived the exception to the sustaining of the demurrer to his

answers. *Ely v. Porter*, 58 Mo. 158; *Gale v. Foss*, 47 Mo. 276; *Williams v. Railroad*, 112 Mo. 463.

II. Various objections are made to the conclusions reached by the referee, but an examination of the evidence clearly shows there was evidence to support each of his findings, and we have heretofore held that his findings in an action at law will be treated as a special verdict, and if there was evidence to establish the facts found, they would not be disturbed. *Ferry Co. v. Railroad*, 73 Mo. 389; *Lingenfelder v. Brewing Co.*, 103 Mo. 578; *Vogt v. Butler*, 105 Mo. 479.

The referee found that the subject-matter of the petition did not arise out of, or in anywise appertain to the partnership transactions and on the other hand that all of the counterclaims formed a part of the partnership account, and as these findings must stand, the judgment necessarily follows for plaintiff.

III. The remaining ground for reversal is the action of the referee in refusing to admit the deposition of defendant O'Hara, taken in the case in Mississippi between plaintiff and a third party. The defendant on his cross-examination was shown this deposition and asked to identify his signature and was then asked, if he answered the first interrogation therein and he answered he didn't remember. He was then asked if, in answer to that interrogatory, he had answered: "My name is Henry O'Hara; I live in St. Louis, Missouri; by occupation, I am traveling agent, I am interested with Berthold & Jennings, so far as the Mississippi lumber goes, in one-half the profits after sold." He answered he did not remember. Didn't know whether he did or not. Thereupon the matter was dropped. Afterwards his counsel offered the whole deposition and the referee excluded it because no part of it had been offered in evidence.

This ruling was clearly right. While counsel will not be permitted to take any unfair advantage of witnesses by making garbled extracts from a deposition as was done in *Wilkerson v. Eilers*, 114 Mo. 245, it does not follow that the whole of a deposition, whether relevant or irrelevant, must be admitted. On the contrary, in *Bank v. Aull*, 80 Mo. 202; and *Jackson v. Hardin*, 83 Mo. 175, it was expressly ruled that the mere exclusion of evidence is not sufficient to constitute error but the party offering must go further and state its materiality, otherwise a cause might be reversed, and on a new trial the excluded evidence might prove utterly immaterial and incompetent. No suggestion was made that the remainder of plaintiff's deposition contained any matter material to this issue. Material error must appear, to authorize a reversal. The judgment is affirmed. All concur.