HELEN C. MUMFORD *et al.*, Respondents, v. JOHN C. KEET, Appellant.

St. Louis Court of Appeals, March 9, 1897.

1. **Practice, Trial:** PLEADING. Where part of defendant's answer was stricken out on motion, and he refused to stand on his answer, he had no right, without filing another, to proceed to trial on the part of the answer not stricken out. In such case, the court is required. by the express terms of the statute, to try the cause as if no pleading was on file. R. S. 1889, sec. 2066.

2. ————: DEFAULT: ASSESSMENT OF DAMAGES: FAILURE TO CALL JURY. Where there was nothing in the record to show that defendant, after his default, asked for the aid of a jury, the court did not err in failing to call one on the issue as to damages.

3. ————: ————: TRIAL OF ISSUE AS TO DAMAGES: RIGHT OF DEFENDANT TO PARTICIPATE: PRESUMPTION. On a default, unless the record affirmatively shows error on the part of the trial judge in refusing a specific offer by defendant to participate in the trial of the issue as to damages, this court will not presume that he has committed such error.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED; Judge BLAND concurring, Judge BIGGS dissenting.

CERTIFIED TO SUPREME COURT.

BOND, J.—This is the second appeal in this case. When it was here before it was remanded to enable plaintiffs to file an amended petition. This has been done by adding to the statements of the former petition

(65 Mo. App. 502) an averment that in order to escape eviction, plaintiffs were compelled to pay $600 in purchasing an outstanding paramount title to the land acquired by plaintiffs' under defendant's covenant for warranty and seizin.  Judgment is prayed for this sum and interest.  Defendant filed an extended answer, which in addition to a denial of plaintiffs' right to sue and that they had purchased the outstanding title, contained much other matter, which was stricken out on plaintiffs' motion, and need not be recited, since we can not review that ruling of the court, as defendant when asked by the court whether he desired to stand upon his answer so stricken out, replied, that he "desired to proceed to trial on the part of the answer not so stricken out," while preserving his exceptions to the action of the court.  This defendant could not do under our practice.  The motion to strike out was in legal effect a demurrer.  When it was sustained, one of two courses was left to defendant, either to stand on his exception to the ruling, in which case it would have been reviewable on appeal, or to file a new answer, in which event he would have waived any exception to the ruling striking out the former.  These rules result from the well settled law that motions to strike out are governed by the law applicable to demurrers.  *Paddock v. Somes*, 102 Mo. *loc. cit.* 237; *Paxon v. Talmage*, 87 Mo. *loc. cit.* 13.  As defendant refused to stand on his answer, the only inquiry is, did he have a right, without filing another, "to proceed to trial on the part of the answer not stricken out?"  This question is answered by the language of the statute setting forth a rule of practice in such cases.  The statute provides, that when such pleading, in whole or part, is stricken out on motion, "the party may file a further like proceeding within such time as the court may direct; and in default

*TRIAL practice: pleading.*

thereof, the court shall proceed with the cause in the same manner as if no such original pleading had been filed." R. S. 1889, sec. 2066. Hence, when defendant insisted on going to trial without filing a further like proceeding, the express terms of the statute required the court to try the case as if no pleading was on file. In other words, to enter a default. The record shows that an inquiry of damages was had and a final judgment rendered for plaintiffs, from which defendant appealed to this court.

It is insisted that defendant was entitled to have a jury called on the proceeding to assess damages. There is nothing in the record to show that defendant, after his default, asked for the aid of a jury. The court did not, therefore, commit error in failing to call one on the issue as to damages. *Brown v. King*, 39 Mo. 380; R. S. 1889, secs. 2133–2215.

DEFAULT: assessment of damages: failure to call jury.

It is further argued that defendant was entitled to participate in the trial on the inquiry of damages. The record before us does not show that defendant made any offer of evidence on the trial of this issue, nor that he proffered to cross-examine the witnesses produced by plaintiffs. It does appear that defendant, after his default, "insisted upon the right to proceed with the trial of said cause on the pleadings as they stood." This proposal falls far short of a request to introduce evidence in mitigation of damages or cross-examine plaintiffs' witnesses. This defendant was clearly entitled to do, and had he abandoned his position as to the triability of this cause on the portion of the answer not stricken out, and made a sufficient offer to take part in the trial of the issue as to damages, we must assume that the learned judge would have granted his request. But we can not put the trial judge in the

TRIAL of issue as to damages: right of defendant to participate: presumption.

wrong, unless the record affirmatively shows error on his part in the refusal of a specific offer by defendant to participate in the trial of the issue as to damages. As the record is deficient in this respect, the point under review must be ruled against defendant. The judgment will therefore be affirmed. Judge BLAND concurs; Judge BIGGS dissents. He thinks this opinion is opposed to the decision of *State ex rel. v. Finn*, 19 Mo. App. 560, and asks that the cause be certified to the supreme court, which is accordingly done.

BIGGS, J. (*dissenting*).—The construction of section 2066, Revised Statutes 1889, adopted by my associate judges is, in my opinion, contrary to the decisions of this court, and is also opposed to the accepted practice. The section reads: "When a petition, answer, or reply shall be adjudged insufficient in whole or in part upon demurrer, or the whole or some part thereof stricken out on motion, the party may file a further like pleading within such time as the court shall direct; and in default thereof the court shall proceed with the cause in the same manner as if no such original pleading had been filed." Under the construction adopted, if a portion of a petition be stricken out there must be an amended petition filed, notwithstanding that the remaining portion states a cause of action; or, if an answer contain a general denial, and also special defenses, such as a plea in bar or in abatement, or of the statute of limitations, and any or all of the special defenses are held insufficient, an amended answer must be filed, and if not filed a default will be entered. This is against the practice wherever it has been my privilege to practice law, and is contrary to our own decision in *State ex rel. v. Finn*, 19 Mo. App. 560. In the *Finn* case the answer contained a general denial and two special defenses. A demurrer was sustained to the

special defenses, and without any repleading the case went to trial on the general issue. It was decided without hesitation that this was the proper practice.

The unreasonableness of the construction contended for by my associates is made manifest by the record in the present case. The answer contains a special denial of liability and also an averment that the plaintiffs were not the real parties in interest and that they had no right to maintain the action. Then followed a statement of facts tending to show a combination or conspiracy between Baker and the plaintiffs to defraud the defendant. That portion of the answer was stricken out on motion and the defendant properly saved his exception. Now, if the legislature meant what the majority opinion states, then the alternative was presented to the defendant either to abandon his exception or his other defenses, for if he failed to answer over a default would be entered against him, and if he answered over his exception would be waived. *Ely v. Porter*, 58 Mo. 158; *Gale v. Foss*, 47 Mo. 276; *Williams v. Railroad*, 112 Mo. 463; *Berthold v. O'Hara*, 121 Mo. 88; *Haughey v. Joyce*, 41 Mo. App. 564.

The statute is clumsily written, but in my opinion the only reasonable construction of it is that when the demurrer or the motion to strike out goes to the entire pleading, an amended pleading must be filed, or else the action will be dismissed or a default entered as the case may be; but if the insufficiency only extends to a part of a pleading, the remaining issues may be tried, if the party in fault so elects. Any other construction would force a defendant in a case like we have here either to abandon his remaining defenses or by pleading over waive his exception to the action of the court in striking out the other defenses.

I deem it unnecessary to express my views concerning other questions presented by the record, as I

am of the opinion the cause ought to be certified to the supreme court. The question involved is of much importance, and ought to be authoritatively settled.