JOHN TIMMERBERG, Appellant, v. WILLIAM SCHRAMM, Respondent.

St. Louis Court of Appeals, May 4, 1897.

1. **Contract, Building:** BOND: ALTERATIONS IN CONTRACT WITHOUT CONSENT OF SURETIES, EFFECT OF. Material alterations in a contract signed by sureties, made without their consent and destroying its identity, will release them from the obligations assumed when they signed the contract.

2. **Referee's Finding.** The finding of a referee, when supported by substantial evidence, is conclusive as to the facts, and will not be disturbed in the absence of any showing of bias, prejudice or passion.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge.

AFFIRMED.

*T. J. Rowe* for appellant.

The contractor, Ellis, knew that plaintiff required a bond, and it is immaterial when it was given; it was part of his contract. *Ring v. Kelly,* 10 Mo. App. 411; *Oberbeck v. Meyer,* 59 *Id.* 294.

A substantial compliance with the contract is all that is required of the parties. *Perry v. Quackenbush,* 105 Cal. 300; *Crouch v. Gutman,* 134 N. Y. 45; *Risse v. Hopkins Co.,* 40 Pac. Rep. 904; *Morgan Co. v. Mc-Rae,* 53 Kan. 358; *Robinson v. Hagenkamp,* 52 Minn. 101; *Abbot v. Mornsette,* 46 *Id.* 10; *Steffes v. Lemke,* 40 *Id.* 27; *Bohn v. McCarthy,* 29 *Id.* 23; *McLennan v. Wellington,* 48 Kan. 756; *Moore v. Fountain,* 8 S. Rep. 509; *Dorsey v. McGee,* 46 N. W. Rep. 1018.

The contract permitted changes to be made from the plans and specifications, and such being the case defendants would not be released, if a change was made. *Killoren v. Meehan,* 55 Mo. App. 427; *W. B. Ass'n v. Fitzmaurice,* 7 *Id.* 285; *Gugerty v. Vieth,* 14 *Id.* 577; *Howard Co. v. Baker,* 119 Mo. 397; *Schuster v. Weiss,* 114 *Id.* 166; *Beers v. Wolf,* 116 *Id.* 187; *Kane v. Thuener,* 62 Mo. App. 69; *Evans v. Graden,* 125 Mo. 72; *Baltimore C. Co. v. Cobane,* 7 Md. 202; *Elridge v. Fuhr,* 50 Mo. App. 44.

Payments made to subcontractors, material-men and journeymen, for work done and materials furnished on the building, were not voluntary payments, and defendants are liable for such payments. *Price v. Doyle,* 34 Minn. 400.

No brief filed for respondents.

BOND, J.—This action is upon a bond given to secure a building contract for the erection and completion of a two story brick house, barn, shed, closet, front and back fence, at and for the price of $3,100. The petition alleges that owing to the default of the defendant's principal he was compelled to pay $1,227.50 in excess of the price stipulated in the building contract, wherefore judgment was prayed for the penalty of the bond and execution thereon for said $1,227.50.

The answer admits the execution of the building contract as alleged in the petition, and also the execution of the bond sued upon, but sets up in avoidance that it was not executed contemporaneously or prior to the building contract but more than two weeks subsequently and without consideration; that the payments made by plaintiff during the progress of the work were voluntary; that "many substantial and material alterations" were made in the construction of the building without the knowledge of defendants.

The reply was a general denial. The issues were submitted to a referee, who reported that plaintiff was entitled to recover a balance of $894.67, which he was compelled to pay in excess of the contract price for the improvements, unless his right so to do was defeated by some of the special defenses made in the answer. As to these the referee found that the bond was supported by a sufficient consideration, but that plaintiff was debarred from any recovery in the present action because with plaintiff's consent "changes were made in the foundation of the bay window, in a closet in one room, in the hot air flue and in the roof; that, except as to the bay window (which was assented to by defendant Schramm) the changes were made without the knowledge of either of defendants; that they added to

the costs of the building, but there was no evidence to what extent. The exceptions of plaintiff to said report being overruled, the same was confirmed, wherefore plaintiff's motion for a new trial having been overruled, he appealed.

The referee's finding is a special verdict, and if supported by substantial evidence is conclusive as to the facts. *Berthold v. O'Hara*, 121 Mo. 88. Hence the only question presented by this appeal is, whether the evidence sustains the report of the referee as to the nature and extent of the changes made in the construction of the building, and whether he applied the law correctly to the facts found by him. It is the settled law in this state, that material alterations in the contract signed by sureties, destroying its identity and made without their consent, will release them from the obligations assumed when they signed the agreement. *Beers v. Wolf*, 116 Mo. 179; *Evans v. Graden*, 125 Mo. 72. The finding of facts made by the referee in this cause calls for the application of this rule. After a careful examination of the testimony before him, we are not prepared to say that no evidence was adduced tending to prove the facts reported by him. With the relative weight of the testimony *pro* and *con*, we have nothing to do. Our supervision of his finding is confined to an inquiry as to the existence of any evidence warranting his verdict. Nor are we authorized to set aside his conclusion upon conflicting testimony, where there is nothing to indicate that it was reached by passion, prejudice or corruption. As the record in this case negatives any improper bias on the part of the referee, his finding of facts, calling for the application of the above rule in behalf of defendants, can not be disturbed. The judgment will therefore be affirmed. All concur.

*[margin notes: BUILDING contract: bond: alterations in contract without consent of sureties. REFEREE's finding.]*